Chic CANFORA et al.,
Plaintiffs-Appellants,

v.

Glenn OLDS et al., Defendants-Appellees.

No. 77-8350.

United States Court of Appeals,
Sixth Circuit.

Argued and Decided Aug. 24, 1977.

Anthony A. Walsh, Cleveland, Ohio, William M. Kunstler, New York City, Christopher D. Stanley, Terry H. Gilbert, Theodore E. Meckler, John H. Lawson, Alice Rickel, Christopher R. Conybeare, Cleveland, Ohio, for plaintiffs-appellants.

Stephen T. Parisi, Anthony J. DiVenere, R. Jeffrey Pollock, Cleveland, Ohio, for all defendants-appellees except Arnes.

John W. Solomon, Akron, Ohio, Louis J. Schneider, Jr., Cors, Hair & Hartsock, Cincinnati, Ohio, for Bucky Arnes.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PER CURIAM.

This action was filed July 29, 1977, against the members of the Board of Trustees of Kent State University and others to enjoin the construction of a gymnasium. The University has approved the erection of this building on the site of the confrontation which occurred on May 4, 1970, between the student protesters and the Ohio National Guard, in the course of which four students were killed by guardsmen and others were injured. A contract has been let and construction was scheduled to have begun prior to the institution of these proceedings.

The complaint averred that on July 25, 1977, the United States Department of Interior instituted an investigation to determine whether this property should be declared a national historic site pursuant to 16 U.S.C. § 461 *et seq.* An injunction was sought to prevent any construction activities on the site until the Department of Interior has completed its study.

On the day the complaint was filed, District Judge Thomas D. Lambros entered a temporary restraining order, restraining defendants from proceeding with further construction upon or any action tending to alter the site pending further orders of the court, and subsequently extended this stay to cover the period pending appeal.

On August 18, 1977, after a hearing, Judge Lambros dismissed the action for lack of subject matter jurisdiction. Plaintiffs appealed. Plaintiffs filed in this court a petition for stay of the order of the District Court pending appeal. The case was advanced and heard on briefs and oral argument on August 24, 1977.

■ We agree with Judge Lambros that the District Court had no subject matter jurisdiction. We affirm pursuant to Sixth Circuit Rule 8.

We have been cited to no statute conferring jurisdiction of this case upon the federal judiciary, nor to any court decision holding that jurisdiction exists in the circumstances here presented.

We note, of course, that appellants contend that jurisdiction is conferred by the Historic Sites Act, 16 U.S.C. §§ 461–67, and the National Historic Preservation Act of 1966, 16 U.S.C. §§ 470–70n. This contention is without merit. *See Edwards v. First Bank of Dundee,* 534 F.2d 1242 (7th Cir. 1976).

The statute, in 16 U.S.C. § 462(d), expressly provides that the Secretary of the Interior, through the National Park Service, shall have the power:

(d) For the purpose of sections 461 to 467 of this title, [to] acquire in the name of the United States by gift, purchase, or otherwise any property, personal or real, or any interest or estate therein, title to any real property to be satisfactory to the Secretary: *Provided,* That no such property which is owned by any religious or educational institution, or which is owned or administered for the benefit of the public shall be so acquired *without the consent of the owner* . . . . (Emphasis added).

The State of Ohio and Kent State University have not consented to the designation of this property as an historic site.

■ Appellants also contend that this court has jurisdiction under 42 U.S.C. § 1981 *et seq.* and 28 U.S.C. § 1343(3) and (4), relying primarily upon the provision of the First Amendment which guarantees "the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." Two observations are appropriate at the outset. First, this guarantee runs only to the right of peaceful assembly and petition. Second, neither in the First Amendment nor elsewhere in the Constitution is there a provision guaranteeing that all petitions for the redress of grievances will meet with success.

The record shows that appellants have assembled peacefully and have petitioned the University's Board of Trustees, the Governor of Ohio, the United States Department of Interior and members of the Ohio Legislature and the Congress for a suitable memorial concerning the tragic events of May 4, 1970. Clearly the executive and legislative branches of government, as well as the University's Board of Trustees, possess power in regard to the redress of these grievances which Congress has not conferred upon the federal judiciary. Our holding of lack of jurisdiction in the federal courts in no way alters the rights of appellants to continue peaceably to seek resolution of their grievances in any or all the forums named above.

We emphasize that neither the District Court nor this court has dealt in any manner with or decided the merits of the underlying dispute involved in this case. Since there is no showing of any violation of federal law or impairment of rights guaranteed by the Constitution of the United States, the District Court and this court have no power to order the State of Ohio to construct or not to construct a building.

No other appellate issue of arguable merit is presented.

Accordingly, the judgment of the District Court dismissing this action for lack of jur-

isdiction is affirmed. The temporary restraining order issued by the District Judge, and continued in effect by him pending this appeal, is vacated. The mandate of this court will not issue until ten days after the filing of this opinion, so as to provide appellants with an opportunity to make an application for a stay with the Supreme Court or a justice thereof, pending the filing of a petition for certiorari.

No costs are taxed. All parties will bear their own costs on this appeal.