NO.   94-166

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995


JACK B. GEHRING,

          Plaintiff and Appellant,

     v.

ALL MEMBERS OF THE STATE OF MONTANA
1993 LEGISLATURE, ALL MEMBERS OF THE
MONTANA SUPREME COURT, Chief Justice
J. A. Turnage, John C. Harrison, William
E. Hunt, Sr., Fred Weber, R. C. McDonough,
Karla Gray, Terry N. Trieweiler; GOVERNOR
MARC RACICOT and ATTORNEY GENERAL
JOSEPH P. MAZUREK,

          Defendants and Respondents.

FILED

FEB 06 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Jeffrey M. Sherlock, Judge presiding.


COUNSEL OF RECORD:

          For Appellant:

          Jack B. Gehring, Pro Se, Helena, Montana

          For Respondent:

          Honorable Joseph P. Mazurek, Attorney General;
          Deanne L. Sandholm, Assistant Attorney General,
          Helena, Montana

          Mike McGrath, County Attorney, Helena, Montana


                         Submitted on Briefs:   November 16, 1994

                                    Decided:   February 6, 1995

Filed:

_____
            Clerk

Honorable James E. Purcell, District Judge, delivered the Opinion of the Court.

Jack B. Gehring (Gehring) appeals the decision of the First Judicial District Court, Lewis and Clark County, granting defendant's motion to dismiss for failure to state a claim upon which relief could be granted. We affirm.

We find the following issues to be dispositive:

1. Did the District Court err in determining that the members of Montana's Fifty-third Legislature did not violate the 1972 Montana Constitution by fixing their own compensation?

2. Did the District Court err in determining that Gehring's right to peaceably assemble and petition the government for redress was not violated?

On December 16, 1993, Gehring filed a complaint in the First Judicial District Court, Lewis and Clark County, Montana. He asserted two substantive claims. First, he claims that the 1993 Montana Legislature violated Article V, section 5 of the 1972 Montana Constitution by fixing its own compensation.

Second, Gehring alleges he delivered "Notice and Petitions" to Montana's Governor, House of Representatives, Senate, Clerk of the Supreme Court and Attorney General. Gehring claims that he did not receive any responses from his Notice and Petitions. He therefore argues that all the above named defendants violated his right to peaceably assemble and petition for redress of governmental action

2

as guaranteed by the First Amendment of the United States Constitution and Article II, section 6 of the 1972 Montana Constitution.

On March 10, 1994, the District Court dismissed Gehring's complaint, finding that he had failed to state a claim upon which relief could be granted. On March 28, 1994, Gehring filed a notice of appeal with the Clerk of the Montana Supreme Court. Accompanying his notice of appeal was a request that the sitting Justices of the Montana Supreme Court be disqualified, as they were parties to the subject litigation. On August 25, 1994, Chief Justice Turnage, on behalf of the Montana Supreme Court, issued an order requesting Gehring to show cause why his case should not be dismissed for failure to file an appellate brief. On August 31, 1994, Gehring responded that the rules of appellate procedure were unduly complicated and conflicted with the United States and Montana Constitutions and asked that his appeal go forward on the merits of his district court complaint. Gehring also reasserted his request that the sitting Justices of the Montana Supreme Court disqualify themselves.

On September 14, 1994, the Montana Supreme Court issued an order recusing itself and appointing five district court judges: James E. Purcell, Ted L. Mizner, Roy C. Rodeghiero, John W. Larson and Ted O. Lympus, to hear this appeal. On September 27, 1994, Gehring requested that two additional judges be appointed to hear this case. On October 6, 1994, we denied Gehring's request for two additional justices, concluding that this matter was properly

classified for decision by a five member panel pursuant to the Internal Operating Rules of the Montana Supreme Court.

We also concluded that Gehring's original petition was insufficient and did not constitute an Appellant's Brief as required by the Montana Rules of Appellate Procedure. Gehring subsequently filed an Appellant's Brief on October 19, 1994.

## Issue 1

Did the District Court err in determining that the 1333 Montana Legislature did not violate the 1972 Montana Constitution by fixing its own compensation?

Gehring claims that the 1993 legislature established its own compensation in violation of the Montana Constitution. Article V, section 5 of the Montana Constitution states:

> Each member of the legislature shall receive compensation for his services and allowances provided by law. No legislature may fix its own compensation.

This section provides that while legislators are to be compensated for their services, no given legislature can establish the amount of its own compensation.

Section 5-Z-301, MCA, establishes the legislature's compensation and expenses. This section reads:

> [L]egislators are entitled to a salary commensurate to that of the daily rate of an entry grade 8 classified state employee in effect when the regular session of the legislature in which they serve is convened under S-Z-103 for those days during which the legislature is in session.
>     .

4

> Legislators are entitled to $50 a day, 7 days a week, during a legislative session, as reimbursement for expenses incurred in attending a session. Expense payments shall stop when the legislature recesses for more that 3 days and shall resume when the legislature reconvenes.

Section 5-2-301, MCA (1993). In 1991 the Fifty-second Legislature had amended this section, changing the pay scale from grade 8, step two to entry level grade 8. These changes were in full effect when the Fifty-third Legislature began its session

Each legislative assembly is a distinct and separate entity. Construing a similar clause restricting the power of the legislature to fix its own compensation found in the 1889 Montana Constitution, this Court stated:

> We think it is evident that the Constitution fixed the compensation of the members of the first legislative assembly of the State, and conferred upon that body the power to enact appropriate laws for the payment of its successors. Such legislation can be amended at any time, subject to the restrictions that no legislative assembly can pass a law which defines its own compensation.

State *ex rel.* Harrington v. Kenney (1891), 10 Mont. 410, 412, 25 P. 1022, 1023.

The compensation and expense reimbursement for the Fifty-third Legislature was established by the Fifty-second Legislature. The Fifty-third Legislature did pass laws appropriating money necessary to pay for the cost of the legislative sessions. However, these laws merely made the funds available. The amount of compensation was already fixed. We conclude that the District Court did not err in determining that the Fifty-third Legislature did not fix its own

5

compensation in violation of Article V, section 5 of the Montana Constitution.


## Issue 2

Did the District Court err in determining that Gehring's right to peaceably assemble and petition the government for redress was not violated?

Gehring alleges he sent "Notice and Petitions" to various members of the state government, all of which went unanswered. He claims that since his petitions allegedly fell on deaf ears, his right to petition the government for redress has been violated.

Article II, section 6 of the Montana Constitution and the First Amendment of the United States Constitution both ensure citizens the right to petition the government for redress of grievances. While an individual has a right to petition the government, their is no corresponding right that his petition will be acted upon. In Canfora v. Olds (6th Cir. 1977), 562 F.2d 363, the United States Sixth Circuit Court of Appeals stated, "neither the First Amendment nor elsewhere in the Constitution is there a provision guaranteeing that all petitions for the redress of grievances will meet with success." Canfora, 562 F.2d at 364. The First Amendment guarantees access to and free participation in the political process, not political success. Republican Party of N.C. v. Martin (4th Cir. 1992), 980 F.2d 943, 960.

6

We also find the substance of Gehring's petitions to be without merit. Gehring demanded that the respondents "cease and desist any transaction concerning money . . " He claims the use of paper money is void under Article I, section 10, clause 1 of the United States Constitution which states "no State shall make any Thing but gold and silver Coin a Tender in Payment of Debts ." This provision, by its terms, is applicable to the states. However, this provision is not applicable to the federal government. Juilliard v. Greenman (1884), 110 U.S. 421, 447, 4 S.Ct. 122, 129, 28 L.Ed. 204, 211. The legality of paper money has consistently been upheld. Guaranty Trust Co. v. Henwood (1939), 307 U.S. 247, 59 S.Ct. 847, 83 L.Ed. 1266; United States v. Wangrud (9th Cir.), 533 F.2d 495, cert. denied, (1976), 429 U.S. 853, 97 S.Ct. 64, 50 L.Ed.2d 79.

We conclude that the District Court did not err in determining that Gehring's right to peaceably assemble and petition the government for redress was not violated. We affirm the decision of the District Court.

Honorable James E. Purcell,
District Judge

We concur:

_____
Honorable Ted L. Mizner,
District Judge

_____
Honorable Roy C. Rodeghiero,
District Judge

_____
Honorable John W. Larson,
District Judge

_____
Honorable Ted O. Lympus,
District Judge