TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-201 |
| of | : | |
| | : | July 10, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE TOM McCLINTOCK, MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following question:

After residents of a community have petitioned to have their community detached from a city, does the authority of the city council to terminate the detachment proceedings violate the constitutional right of the residents to petition the government for the redress of grievances?

CONCLUSION

After residents of a community have petitioned to have their community detached from a city, the authority of the city council to terminate the detachment proceedings does not violate the constitutional right of the residents to petition the government for the redress of grievances.

ANALYSIS

Pursuant to the provisions of the Cortese-Knox Local Government Reorganization Act of 1985 (Gov. Code, §§ 56000-57550; "Act"), **Footnote No. 1** the residents of a community may petition to have their community detached from a city. (§§ 56650, 56700.) The petition must be signed by at least 20 percent of the registered voters residing in the community. (§ 56754, subd. (a).) The petition is filed with the executive officer of the local agency formation commission ("LAFCO"). (§ 56703.) After LAFCO considers and approves the proposal (§§ 56836-56840), the petition is submitted to the city council for further proceedings (§ 57000). The city council must give notice and hold a public hearing on the proposal within 35 days of LAFCO's approval. (§ 57002.) At the hearing, the city council "shall hear and receive any oral or written protests, objections, or evidence which is made, presented, or filed." (§ 57050, subd. (a).) Depending upon the number of protests received, the city council may (1) call for an election, (2) order the detachment, or (3) terminate the proceedings. (§§ 57075, 57078; *Fig Garden etc. Assn.* v. *Local Agency Formation Com.* (1984) 162 Cal.App.3d 336, 340.)

The focus of the present inquiry is upon section 57079, which provides:

"(a) . . . if the proposed change of organization is a city detachment, the conducting authority, not more than 30 days after the conclusion of the hearing, may by resolution terminate the detachment proceedings.

"(b) . . . if a proposed reorganization includes the detachment of territory from any city, the conducting authority, not more than 30 days after conclusion of the hearing, shall terminate the proceeding if a resolution or written protest against the reorganization is filed prior to the conclusion of the hearing by any city from which any portion of the territory of the city would be detached or removed pursuant to the reorganization." **Footnote No. 2**

The question to be resolved is whether the city council's right to terminate a detachment proceeding (§ 57079) violates the constitutional right of those who have submitted the proposal "to petition the government for a redress of grievances." We conclude that section 57079 is constitutional.

The First Amendment to the Constitution of the United States provides: "Congress shall make no law . . . abridging the . . . right of the people . . . to petition the government for a redress of grievances." The rights safeguarded by the First Amendment, being fundamental rights comprised within the term "liberty" specified in the Fourteenth Amendment, **Footnote No. 3** are protected against abridgment by the states. (*First National Bank of Boston* v. *Bellotti* (1978) 435 U.S. 765, 779-780; *Whitney* v. *California* (1927) 274 U.S. 357, 373 (conc. opn. of Brandeis, J.); 74 Ops.Cal.Atty.Gen. 42, 46 (1991).)

The California Constitution, article I, section 3 similarly provides: "The People have the right to instruct their representatives, petition government for redress of grievances, and assemble freely to consult for the common good."

The constitutional right to petition extends to all of the coordinate branches of government. (*California Motor Transport Co.* v. *Trucking Unlimited* (1972) 404 U.S. 508, 510; *City of Long Beach* v. *Bozek* (1982) 31 Cal.3d 527, 532-533, judgment vacated and cause remanded (1983) 459 U.S. 1095 reiterated (1983) 33 Cal.3d 727.) It is "of parallel importance to the right of free speech and the other overlapping, cognate rights contained in the First Amendment and in equivalent provisions of the California Constitution." (*City of Long Beach* v. *Bozek*, *supra*, 31 Cal.3d at 535; *Fair Political Practices Commission* v. *Superior Court* (1979) 25 Cal.3d 33, 46.)

It has been repeatedly held that "laws which actually affect the exercise of these vital rights cannot be sustained merely because they were enacted for the purpose of dealing with some evil within the State's legislative competence, or even because the laws do in fact provide a helpful means of dealing with such an evil." (*United Mine Workers of America* v. *Illinois State Bar Assn.* (1967) 389 U.S. 217, 222.) Rather, such laws may be upheld only if the state demonstrates sufficiently important interests, and the restraints are closely tailored to effectuate only those interests. (*Zablocki* v. *Redhail* (1978) 434 U.S. 374, 388; *Fair Political Practices Com.* v. *Superior Court*, *supra*, 25 Cal.3d at 48-49.)

Accordingly, in 79 Ops.Cal.Atty.Gen. 163 (1996), we determined that a law enforcement agency could not condition its investigation of allegations of police misconduct upon the complainant's signature of an advisory form warning the complainant of potential criminal prosecution.

In 74 Ops.Cal.Atty.Gen. 42, *supra*, we determined that a city council could not require that all discussions between elected city officials and city employees or representatives of employee organizations concerning matters within the scope of representation during the meet and confer process be held at a public meeting of the city council, thus prohibiting private communication between an employee and a city officer. We stated in part that the proposed regulation would be subject to the strict scrutiny doctrine, since its application would "`have a real and appreciable impact on the legitimate exercise of the rights of petition and speech.'" (*Id*., at p. 47.)

In the matter under consideration, however, section 57079 has no appreciable impact on the legitimate exercise of the constitutional right to petition for the redress of grievances. The right to petition does not guarantee a successful disposition. (*Canfora* v. *Olds* (6th Cir. 1977) 562 F.2d 363, 364; see also *Gordon* v. *Heimann* (N.D. Ga. 1980) 514 F.Supp. 659, 661 [government has no corresponding duty to act].) This is particularly true in the context of the present inquiry, since there exists no vested right to be included or excluded from a local government unit. (*Oxnard Harbor Dist.* v. *Local Agency Formation Com.* (1993) 16 Cal.App.4th 259.)

A negative disposition thus does not in itself impair the constitutional right to petition. With respect to the termination of the detachment proceedings in question, the termination takes place under the terms of section 57079 "not more than 30 days after the conclusion of the hearing . . . ." Those who have signed the petition have received a hearing, and their petition has been considered not only by the city council but also by LAFCO.

It is concluded that after residents of a community have petitioned to have their community detached from a city, the authority of a city council to terminate the detachment proceedings does not violate the constitutional right of the residents to petition the government for the redress of grievances.

\* \* \* \* \*

**Footnote No. 1**
All references hereafter to the Government Code are by section number only.
**Footnote No. 2**
The "conducting authority" for a city detachment, whether by way of a "change of organization" (§ 56021) or "reorganization" (§ 56073), is the city council (§ 56029, subd. (a)).
**Footnote No. 3**
The Fourteenth Amendment provides: "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ."