[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 572.]

THE STATE EX REL. WHITE, APPELLANT, *v.* MACK ET AL., APPELLEES.

[Cite as *State ex rel. White v. Mack*, 2001-Ohio-1610.]

*Mandamus sought to compel Lima Correctional Institution officers to comply with Ohio Adm.Code 5120-9-31 by responding to a filed grievance and setting up a monitoring system for communications placed in the mail box for institutional mail—Dismissal of complaint affirmed.*

(No. 01-678—Submitted September 18, 2001—Decided November 14, 2001.)

APPEAL from the Court of Appeals for Allen County, No. CA010009.

_____

*Per Curiam.*

{¶ 1} In January 2001, appellant, Michael Turner White, an inmate at the Lima Correctional Institution, filed a complaint in the Court of Appeals for Allen County for a writ of mandamus to compel appellees, certain prison correctional officers, to comply with Ohio Adm.Code 5120-9-31 by responding to a filed grievance and by setting up a monitoring system for communications placed in the mail box for institutional mail. White did not file the affidavit required of inmates by R.C. 2969.25(A) describing each civil action or appeal of a civil action that he had filed in the previous five years in any state or federal court. Appellees filed a motion to dismiss.

{¶ 2} In March 2001, the court of appeals granted appellees' motion and dismissed White's complaint. The court also ordered White to pay the costs of the action.

{¶ 3} In his appeal of right, White claims that the court of appeals erred in dismissing his mandamus action and in ordering him to pay the costs of the action in anything but gold and silver. White's claims are meritless.

{¶ 4} As the court of appeals correctly held, White, who does not contend that R.C. 2969.25 is inapplicable to mandamus actions, did not comply with the mandatory requirements of that statute in commencing this action. See *State ex rel. Washington v. Ohio Adult Parole Auth.* (1999), 87 Ohio St.3d 258, 259, 719 N.E.2d 544, 545; *State ex rel. Swingle v. Zaleski* (2001), 91 Ohio St.3d 82, 83, 742 N.E.2d 130, 131.

{¶ 5} Furthermore, White failed to specify the nature or time of any grievance with the requisite particularity. See *State ex rel. Adkins v. Ohio Adult Parole Auth.* (1998), 82 Ohio St.3d 171, 173, 694 N.E.2d 958, 960 (Inmates are required to plead specific facts rather than unsupported conclusions).

{¶ 6} Finally, contrary to White's claims on appeal, the court of appeals did not abuse its discretion in assessing court costs. White asserts that the United States Constitution prohibits the court's assessment of costs that are payable in money other than gold or silver coins. But the provision of Section 10, Article I of the United States Constitution that "[n]o state shall * * * make any Thing but gold and silver Coin a Tender in Payment of Debts" is not a directive to states to use only gold or silver coins; it is merely a restriction preventing states from establishing their own legal tender other than gold or silver coins. See *Baird v. Cty. Assessors of Salt Lake & Utah Ctys.* (Utah 1989), 779 P.2d 676, 680. This constitutional provision does not prevent the federal government from making the treasury notes of the United States the legal tender of the country. *Id.*; *Gehring v. All Members of Montana 1993 Legislature* (1995), 269 Mont. 373, 378, 889 P.2d 1164, 1166 ("The legality of paper money has consistently been upheld"). And White's reliance on former Section 371, Title 31, U.S.Code is misplaced because Section 5103, Title 31, U.S.Code specifies that "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues." See, *e.g., Allnutt v. Maryland* (1984), 59 Md.App. 694, 700, 478 A.2d 321, 324.

**{¶ 7}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Michael Turner White, pro se.*

*Betty D. Montgomery*, Attorney General, and *Dawn M. Tarka*, Assistant Attorney General, for appellee.

_____