[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 80.]

**STEWART, APPELLANT, *v.* CORRIGAN, JUDGE, APPELLEE.**

**[Cite as *Stewart v. Corrigan*, 2002-Ohio-5316.]**

*Mandamus sought to compel common pleas court judge to issue findings of fact and conclusions of law on relator's second petition for postconviction relief—Court of appeals' denial of writ affirmed.*

(No. 2002-0758—Submitted August 27, 2002—Decided October 16, 2002.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 80639.

————————————

**Per Curiam.**

{¶1} On December 18, 2001, appellant, Larry D. Stewart, filed a complaint in the Court of Appeals for Cuyahoga County, requesting a writ of mandamus to compel appellee, Cuyahoga County Common Pleas Court Judge Daniel O. Corrigan, to issue findings of fact and conclusions of law on Stewart's second petition for postconviction relief. Judge Corrigan filed an answer, and both parties filed motions for summary judgment.

{¶2} On April 11, 2002, the court of appeals granted Judge Corrigan's motion for summary judgment and denied the writ. The court of appeals reasoned that Stewart was not entitled to the writ for the following reasons: (1) Judge Corrigan had no duty to issue findings of fact and conclusions of law for successive postconviction relief petitions, (2) the complaint was not brought in the name of the state on the relation of Stewart, (3) Stewart did not comply with Loc.App.R. 45(B)(1)(a), (4) Stewart did not comply with the filing requirements of R.C. 2969.25(A) and (C), and (5) Stewart failed to include the addresses of the parties in the caption of his complaint. In addition, because Stewart did not comply with R.C. 2969.25, the court of appeals denied his claim of indigency and ordered him to pay the costs of the proceeding.

**{¶3}** In his appeal as of right, Stewart initially asserts that the court of appeals erred in denying the requested writ of mandamus because his second petition for postconviction relief raised claims that differed from those in his first petition. Stewart's assertion is meritless. Even assuming that Stewart's second petition raised different claims than his first petition, he is not entitled to a writ of mandamus because "the issuance of findings of fact and conclusions of law on his successive petition was within Judge Corrigan's discretion, and a writ of mandamus will not issue to control judicial discretion, even if that discretion is abused." *State ex rel. Carroll v. Corrigan* (2001), 91 Ohio St.3d 331, 332, 744 N.E.2d 771.

**{¶4}** Moreover, Stewart does not challenge all of the reasons given by the court of appeals in denying the writ. Therefore, even if the court's rationale on this ground was incorrect, its judgment denying the writ based on the grounds that Stewart does not contest on appeal was proper. *State ex rel. White v. Suster*, 95 Ohio St.3d 465, 2002-Ohio-2482, 768 N.E.2d 1178, ¶ 3.

**{¶5}** Stewart additionally asserts that the court of appeals erred in assessing costs against him because R.C. 2969.25 is inapplicable to actions against trial court judges. Stewart claims that a trial court judge is not a "government entity or employee" to whom R.C. 2969.25 is applicable. For purposes of R.C. 2969.25, however, "employee" is defined as "an officer or employee of the state or of a political subdivision who is acting under color of state law." R.C. 2969.21(C). As a judge of the common pleas court, Judge Corrigan unquestionably fits within this definition, and R.C. 2969.25 applies to Stewart's mandamus action against him. Therefore, the court of appeals did not err in holding Stewart to the requirements of that statute in commencing this action. *State ex rel. White v. Mack* (2001), 93 Ohio St.3d 572, 573, 757 N.E.2d 353.

**{¶6}** Based on the foregoing, the court of appeals committed no error in denying the requested writ of mandamus. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Larry D. Stewart, pro se.

_____