[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 197.]

THE STATE EX REL. KIMBRO, APPELLANT, *v.* GLAVAS, JUDGE, APPELLEE.

[Cite as *State ex rel. Kimbro v. Glavas*, 2002-Ohio-5808.]

*Mandamus and procedendo sought to compel common pleas court judge to issue findings of fact and conclusions of law on the denial of relator's motion to vacate his judgment of conviction—Court of appeals' dismissal of complaint affirmed.*

(No. 2002-0552—Submitted August 27, 2002—Decided November 6, 2002.)

APPEAL from the Court of Appeals for Lorain County, No. 02CA008007.

————————————

**Per Curiam.**

{¶1} In February 2002, appellant, Nathaniel Kimbro, an inmate at Marion Correctional Institution, filed a complaint in the Court of Appeals for Lorain County for writs of mandamus and procedendo. Kimbro requested the writs to compel appellee, Lorain County Common Pleas Court Judge Kosma J. Glavas, to issue findings of fact and conclusions of law on the denial of his motion to vacate his judgment of conviction. He attached an affidavit in which he stated, "In the last five (5) years, plaintiff has filed one civil petition in this Honorable Court under Kimbro v. Medders, Case No. 01CV128533, however, said action was dismissed for failure to prosecute an appeal." The court of appeals dismissed the complaint because Kimbro failed to comply with R.C. 2969.25(A).

{¶2} In his appeal as of right, Kimbro claims that the court of appeals erred because his complaint complied with R.C. 2969.25(A). But a review of his complaint establishes that Kimbro did not attach the affidavit required by R.C. 2969.25(A)(1), which specifies that the affidavit contain a "brief description of the nature of the civil action or appeal." Kimbro's notation of one case failed to contain

a sufficient description of the "nature of the civil action or appeal." Kimbro specifies only that it was an appeal of a "civil petition."

**{¶3}** And Kimbro fails to assert that he has not filed any civil actions in the previous five years or that R.C. 2969.25(A) is otherwise inapplicable. Therefore, the court of appeals properly dismissed his complaint. See *State ex rel. Akbar-El v. Cuyahoga Cty. Court of Common Pleas* (2002), 94 Ohio St.3d 210, 761 N.E.2d 624; *State ex rel. White v. Mack* (2001), 93 Ohio St.3d 572, 573, 757 N.E.2d 353.

**{¶4}** Moreover, contrary to Kimbro's contentions on appeal, sua sponte dismissal of his complaint without notice, while not generally permissible, was appropriate here because his complaint was obviously devoid of merit. *State ex rel. Peeples v. Anderson* (1995), 73 Ohio St.3d 559, 560, 653 N.E.2d 371.

**{¶5}** Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Nathaniel Kimbro, pro se.

_____