JOURNAL ENTRY AND OPINION.
{¶ 1} Eric D. Mosley, the relator, has filed a complaint for a writ of procedendo. Mosley seeks an order from this court which requires Judge Stuart Friedman, the respondent, to grant pre-conviction jail time credit in the criminal actions of State v. Mosley, Cuyahoga County Court of Common Pleas Case Nos. CR-398826, 401648, and 421015. Judge Friedman has filed a motion for summary judgment and a supplemental motion for summary judgment, which we grant for the following reasons.
 {¶ 2} Attached to Judge Friedman's supplemental motion for summary judgment is a copy of a judgment entry, as journalized on February 13, 2003, which clearly provides that Mosley has been granted pre-conviction jail time credit in Case Nos. CR-398826, 401648, and 421015. Thus, Mosley's request for a writ of procedendo is moot. State ex rel. Ganttv. Coleman (1983), 6 Ohio St.3d 5, 450 N.E.2d 1163; State ex rel.Jerningham v. Cuyahoga County Court of Common Pleas (1996),74 Ohio St.3d 278, 658 N.E.2d 723.
 {¶ 3} It must also be noted Mosley may not employ an extraordinary writ to challenge the calculation of pre-conviction jail time credit.State ex rel. Corder v. Wilson (1991), 68 Ohio App.3d 567, 589 N.E.2d 113;State ex rel. Johnson v. Judge O'Donnell (Oct. 4, 1994), Cuyahoga App. No. 67783. Mosley may challenge any error associated with the calculation of pre-conviction jail time credit through a direct appeal. State exrel. Johnson v. Judge O'Donnell, supra.
 {¶ 4} It must also be noted that Mosley has not complied with the requirement of R.C. 2969.25(A). Mosley has failed to attach to his complaint for a writ of procedendo an affidavit which contains "a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The failure of Mosley to attach the mandated affidavit requires dismissal of the complaint for a writ of procedendo. See State ex rel.Kimbro v. Glavas, 97 Ohio St.3d 197, 2002-Ohio-5808, 777 N.E.2d 257;State ex rel. Akbar-El. v. Cuyahoga Cty. Court of Common Pleas (2002),94 Ohio St.3d 210, 761 N.E.2d 624; State ex rel. White v. Mack (2001),93 Ohio St.3d 572, 757 N.E.2d 353.
 {¶ 5} Finally, we find that Mosley's complaint for a writ of procedendo is defective since it is improperly captioned. A petition for a writ of procedendo must be brought in the name of the state, on relation of the person applying. The failure of Mosley to properly caption his petition for a writ of procedendo constitutes sufficient reason for dismissal. Allen v. Court of Common Pleas of Allen Cty. (1962),173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Judge Cleary, et al., (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 6} Accordingly, we grant Judge Friedman's motion for summary judgment and supplemental motion for summary judgment. Costs to Mosley. It is further ordered that the Clerk of the Eighth District Court of Appeals serve upon all parties notice of this judgment as required by Civ.R. 58(B).
Writ denied.
TIMOTHY E. McMONAGLE, P.J., and JAMES J. SWEENEY, J., concur.