DECISION ON OBJECTIONS TO MAGISTRATE'S DECISION.
{¶ 1} Petitioner, David Billups, commenced this original action requesting a writ of habeas corpus ordering respondent, Pat Hurley, Warden of the Ross Correctional Institution in Ross County, Ohio, to release him from custody.
 {¶ 2} Pursuant to Civ.R. 53, and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate recommends that the court sua sponte dismiss the complaint for failure to comply with R.C. 2969.25(A), failure to pay filing fees or qualify for installment payments from his prison account, and improper venue in Franklin County.
 {¶ 3} Petitioner filed objections to the decision of the magistrate, arguing that the case should have been transferred to the county where proper venue would lie. However, as the magistrate noted in her decision, failure to comply with the requirements of R.C. 2969.25(A) requires dismissal of the complaint. See State ex rel. Johnson v. Ohio Adult ParoleAuth., 95 Ohio St.3d 463, 2002-Ohio-2481; State ex rel. Kimbrov. Glavas, 97 Ohio St.3d 197, 2002-Ohio-5808; State ex rel.Akbar-El v. Cuyahoga Cty. Court of Common Pleas (2002),94 Ohio St.3d 210; State ex rel. White v. Mack (2001),93 Ohio St.3d 572.
 {¶ 4} For the reasons stated in the decision of the magistrate, the objections are overruled.
 {¶ 5} Following independent review pursuant to Civ.R. 53, we find that the magistrate made the proper determinations and applied the salient law. Accordingly, we adopt the decision of the magistrate as our own, including the conclusions of law contained in it. In accordance with that decision, the action is dismissed.
Objections overruled; action dismissed.
Brown and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
David Billups, : Petitioner, : v. : No. 03AP-1224 Pat Hurley, : (REGULAR CALENDAR) Respondent. :
 MAGISTRATE'S DECISION Rendered on January 23, 2004 David Billups, pro se.
 IN HABEAS CORPUS ON SUA SPONTE MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT {¶ 6} In this original action, David Billups, petitions the court for a writ of habeas corpus compelling Pat Hurley, Warden of the Ross Correctional Institution in Ross County, Ohio, to release him from custody. For the reasons set forth below, the magistrate recommends that the court dismiss the complaint sua sponte for failure to comply with R.C. 2969.25(A), failure to pay filing fees or qualify for installment payments from his prison account, and improper venue in Franklin County.
Allegations of the Complaint:
 {¶ 7} 1. According to the complaint filed December 11, 2003, petitioner, David Billups, is incarcerated in a state correctional facility, the Ross Correctional Institution in Ross County, Ohio.
 {¶ 8} 2. According to the complaint, respondent Hurley serves as the warden of the institution.
Conclusions of Law relating to Sua Sponte Dismissal:
 {¶ 9} This matter is before the magistrate on sua sponte consideration of whether petitioner has stated a claim upon which relief in habeas corpus may be granted by this court. In considering the motion under Civ.R. 12(B), the magistrate construes the allegations of the complaint in favor of petitioner. The magistrate treats unauthenticated documents attached to the complaint as additional allegations of the complaint and accepts them as true for the purposes of the present consideration under Civ.R. 12(B).
 {¶ 10} The magistrate concludes that this action should be dismissed. First, this court cannot issue a writ of habeas corpus to respondent. Under R.C. 2725.03, "no court or judges other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge." This court in Franklin County cannot issue a writ of habeas corpus directed to the warden of an institution in Ross County.
 {¶ 11} Second, petitioner has not complied with the requirements of R.C. 2969.25(A), which provides as follows:
 {¶ 12} At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
(1) A brief description of the nature of the civil action or appeal;
(2) The case name, case number, and the court in which the civil action or appeal was brought;
(3) The name of each party to the civil action or appeal;
(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.
 {¶ 13} In the present action, petitioner has commenced a civil action against a state official but has not filed the required affidavit of prior civil actions/appeals. The failure of the inmate to provide this affidavit requires dismissal of the complaint. See State ex rel. Johnson v. Ohio Adult ParoleAuth., 95 Ohio St.3d 463, 2002-Ohio-2481; State ex rel. Kimbrov. Glavas, 97 Ohio St.3d 197, 2002-Ohio-5808; State ex rel.Akbar-El v. Cuyahoga Cty. Court of Common Pleas (2002),94 Ohio St.3d 210; State ex rel. White v. Mack (2001),93 Ohio St.3d 572.
 {¶ 14} Third, petitioner has not paid filing fees or qualified for installment payments of fees from his inmate account. Under R.C. 2969.25(C), an inmate who seeks delayed payment in installments on the grounds of indigency must file an affidavit that includes: (1) a statement of the amount in his inmate account for the preceding six months as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.
 {¶ 15} In the present action, petitioner filed a motion to proceed without prepayment of fees, but the court denied that motion in a journal entry on December 24, 2003, pursuant to R.C.2969.25.
 {¶ 16} For the foregoing reasons, the magistrate recommends that the court dismiss this action sua sponte under Civ.R. 12(B) for failure to state a claim upon which relief in habeas corpus can be granted by this court.
Findings and Conclusion relating to Motion for SummaryJudgment:
 {¶ 17} On January 14, 2004, petitioner filed a motion for summary judgment, stating that there were no issues of material fact. In a motion to accelerate filed the same day, petitioner stated that no facts were disputed.
 {¶ 18} The magistrate concludes that, due to the defects on the face of the complaint, the complaint must be dismissed under Civ.R. 12(B) and the motion for summary judgment cannot be addressed and is essentially moot at this point. Accordingly, the magistrate concludes that the motion for summary judgment filed January 14, 2004 must be denied.
 /s/ P.A. Davidson
P.A. DAVIDSON MAGISTRATE