DECISION AND JUDGMENT ENTRY
{¶ 1} Relator Lonny Lee Bristow filed a Petition for Writ of Mandamus in this court seeking a writ ordering Terry Collins, whom relator names as the Deputy Director of Institutions, and William Eleby, whom relator names as the Chief of the Bureau of Classification and Reception, not to send relator to a level three correctional institution. Relator claims that, if respondents did so, they would violate certain policies of the Ohio Department of Rehabilitation and Correction. The petition alleges: "The possibility exists that Collins and Eleby will try and send Bristow as level 4, to a level 3 institution (to C.I.) which is in direct violation of a mandatory state law (D.R.C. policy)."
 {¶ 2} The Ohio Supreme Court has discussed the distinction between a petition for writ of mandamus and a decree of injunction. According to the court, a writ of mandamus "compels action or commands the performance of a duty, while a decree of injunction ordinarily restrains or forbids the performance of a specific act." State, ex rel. Smith v. Indus. Commn. Of Ohio
(1942), 139 Ohio St. 303, paragraph two of the syllabus. The court of appeals, by virtue of Section 3(B)(1), Article IV, Ohio Constitution, and the Ohio Supreme Court, by virtue of Section2(B)(1), Article IV, Ohio Constitution, have original jurisdiction in quo warranto, mandamus, habeas corpus,
prohibition, and procedendo, but not in injunction. See, also,State ex rel. Pressley (1967), 11 Ohio St.2d 141, paragraph four of the syllabus (neither the Ohio Supreme Court nor the Ohio Courts of Appeal have original jurisdiction in injunction).
 {¶ 3} In this case, relator is seeking to prohibit respondents from doing a certain act. Therefore, he seeks relief in the nature of an injunction, not in the nature of mandamus. Since we do not have original jurisdiction in injunction, relator's petition must be dismissed. In addition, 6th Dis.Loc.App.R. 7(A) provides that, when an inmate files an affidavit attesting to his inability to pay costs, the inmate must attach a certificate from an appropriate officer in the institution in which he is incarcerated setting forth the amount of funds the inmate has available to him. See, also, R.C.2969.25(C). Here, relator did not attach such a certificate, and his petition is subject to dismissal on those grounds as well. Finally, appellant's petition is insufficient because it is not accompanied by an affidavit describing any civil lawsuits or civil appeals he has filed in state or federal court in the last five years. See R.C. 2969.25(A). His petition is also subject to dismissal on these grounds. See State ex rel. Kimbo v. Glavas,97 Ohio St.3d 197, 2002-Ohio-5808, at ¶ 3.
 {¶ 4} Upon due consideration, relator's petition is dismissed at relator's costs.
Petition Dismissed.
Handwork, P.J., Pietrykowski, J., Lanzinger, J., Concur.