DECISION
{¶ 1} Relator, George T. Carr, commenced this original action seeking a writ of procedendo compelling Judge Daniel T. Hogan of the Franklin County Court of Common Pleas to rule on relator's petition for post-conviction relief.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this case was referred to a magistrate to conduct appropriate proceedings. The magistrate has rendered a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate determined that relator, an inmate in an Ohio correctional institution, failed to attach an affidavit as required by R.C. 2969.25. Relator also failed to comply with R.C. 2969.25 with respect to the payment of the filing fee. Therefore, the magistrate has recommended that we dismiss relator's action.
 {¶ 3} Relator did not file an objection to the magistrate's decision.
 {¶ 4} Finding no error or other defect on the face of the magistrate's decision, we adopt that decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, this action is dismissed.
Writ of procedendo denied; case dismissed.
Bryant and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
George T. Carr, : [Relator, : v. : No. 04AP-104 State of Ohio, : (REGULAR CALENDAR) Respondent.] :
 MAGISTRATE'S DECISION Rendered on February 24, 2004 George T. Carr, pro se.
Jim Petro, Attorney General, for respondent.
 IN PROCEDENDO ON SUA SPONTE DISMISSAL {¶ 5} In this original action, relator, George T. Carr, seeks a writ of procedendo compelling Judge Daniel T. Hogan of the Franklin County Court of Common Pleas to issue a ruling granting or denying relator's petition for post-conviction relief in a criminal action. For the reasons set forth below, the magistrate recommends that the court sua sponte dismiss this action based on relator's failure to comply with R.C. 2969.25 and for failing to pay filing fees or qualify for delayed payment in installments.
Procedural History:
 {¶ 6} 1. In the petition filed January 29, 2004, relator indicates that he is incarcerated in a state correctional institution in Lancaster, Ohio.
 {¶ 7} 2. In the petition, relator seeks a writ compelling Judge Daniel T. Hogan to issue a ruling on relator's petition for post-conviction relief.
Conclusions of Law:
 {¶ 8} In this action, relator is an inmate in an Ohio correctional institution, and, accordingly, he must comply with R.C. 2969.25 when filing a civil action against a state official. Under R.C. 2969.25(A), he was required to file with the complaint an affidavit providing "a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." Relator's failure to attach the mandated affidavit requires dismissal of the complaint. See State ex rel. Kimbro v. Glavas,97 Ohio St.3d 197, 2002-Ohio-5808; State ex rel. Akbar-El v. CuyahogaCty. Court of Common Pleas (2002), 94 Ohio St.3d 210; State exrel. White v. Mack (2001), 93 Ohio St.3d 572.
 {¶ 9} In addition, relator has not paid filing fees, nor has he fulfilled the requirements in R.C. 2969.25 for payment of fees from his inmate account in installments. R.C. 2969.25(C) allows an indigent inmate to pay filing fees pursuant to periodic deductions from the inmate's account maintained by the prison. Under R.C. 2969.25(C), an inmate who seeks waiver of paying the full fee at the time of filing must file an affidavit that includes (1) a statement of the amount in his inmate account for the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate. Relator has not filed the certified statement regarding his account nor filed a sworn statement of things owned. Therefore, relator has not met the requirements of R.C. 2969.25 with respect to payment of filing fees.
 {¶ 10} Failure to comply with R.C. 2969.25 is grounds for dismissal of the action. State ex rel. Washington v. Ohio AdultParole Auth. (1999), 87 Ohio St.3d 258; State ex rel. Zandersv. Ohio Parole Bd. (1998), 82 Ohio St.3d 421. Accordingly, the present action must be dismissed. The magistrate believes, however, that this dismissal would be other than on the merits and that relator may pursue his complaint in the future if he complies with all the statutory requirements.