[Cite as *Whitehead v. Warden, Belmont Corr. Inst.*, 2022-Ohio-1643.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

ERNEST WHITEHEAD JR.,

Relator,

v.

WARDEN, BELMONT CORRECTIONAL
INSTITUTION,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 BE 0003**

---

Writ of Habeas Corpus

**BEFORE:**
Carol Ann Robb, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Ernest Whitehead Jr., pro se*, Belmont Correctional Institution, P.O. Box 540, St. Clairsville, Ohio 43950, for Relator and

*Atty. Dave Yost,* Ohio Attorney General, and *Atty. Maura O'Neill Jaite*, *Senior* Assistant Attorney General, Ohio Attorney General's Office, Criminal Justice Section, 30 E. Broad Street, 23rd Floor, Columbus, Ohio 43215, for Respondent.

**Dated:  May 16, 2022**

**PER CURIAM.**

{¶1}   Petitioner Ernest Whitehead Jr. has filed this original action seeking a writ of habeas corpus arguing the trial court lacked jurisdiction to issue his judgment entry of conviction and sentence.  Whitehead is a self-represented prison inmate and his hand-written petition names as respondent, the warden of the Belmont Correctional Institution.  Counsel for the warden has filed a Civ.R. 12(B)(6) motion to dismiss, or alternatively, a motion for summary judgment.  The Court dismisses the petition because Whitehead has failed to file a proper affidavit of his prior civil actions and appeals as required by R.C. 2969.25(A).  Additionally, the basis for Whitehead's assertion that the trial court lacked jurisdiction over him—an unsigned arrest warrant—is not one that can be raised in a habeas corpus cause of action.

{¶2}   Whitehead is serving a mandatory term of 8 years in prison for his 2020 conviction of heroin trafficking.  Whitehead contends the sentencing court did not have jurisdiction over him because his arrest warrant was not signed, notarized, or given under oath.  In support, Whitehead has attached to his petition for a writ of habeas corpus an exhibit purporting to be a copy of the arrest warrant.  The document is not an arrest warrant issued upon a criminal complaint, but rather a warrant to arrest on indictment.  The warrant expressly references an indictment attached thereto.  Notably though, Whitehead did not include the indictment with the attached exhibit.  Therefore, the exhibit is incomplete.  This infirmity aside, Whitehead's petition is nevertheless procedurally deficient.

{¶3}   An inmate who files a civil action against a government employee or entity must comply with specific filing requirements as set forth in R.C. 2969.25.  A habeas corpus action is a civil action and therefore the provisions of R.C. 2969.21 through 2969.27 are applicable to such action. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, syllabus.  The warden is a government employee and Whitehead, incarcerated in the Belmont Correctional Institution, is a self-represented inmate. R.C. 2969.21(C) and (D).

Case No. 22 BE 0003

**{¶4}** R.C. 2969.25(A) requires an inmate, who commences in the court of appeals a civil action or appeal against a governmental entity or employee, to file an affidavit containing "a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The affidavit must include (1) a brief description of the nature of the civil case or appeal, (2) the case name, case number, and court in which the civil action or appeal was brought, (3) the name of each party to the civil action or appeal, and (4) the outcome of each civil action or appeal. R.C. 2969.25(A)(1) through (4).

**{¶5}** Whitehead's affidavit states:

I, Ernest Whitehead Jr., being first duly sworn according to the laws of the State of Ohio, depose and set forth a description of each civil action or appeal of a civil action that I have filed in the previous five yrs [sic] in any state or federal court pursuant to R.C. 2969.25(A).

1) A description of civil action case# 21CA3966 is pursuant to O.R.C. Ann. 309.05 a civil case against Judge Mark E. Kuhn, Shane A. Tieman, Prosecuting Attorney, Julie Cookie Hutchinson #0079826, Assistant Prosecutor, Keith MacDavid, Foreperson, Kathy L. Shupert, Clerk of Courts, Scioto County Sheriff, and Joseph Hale, Assistant Prosecutor. Case was dismissed against Judge Mark E. Kuhn. Motion to dismiss pending from other Defendants.

I have not filed any other civil actions or appeal of civil actions in the previous five yrs [sic] in any state or federal courts.

**{¶6}** Whitehead's affidavit of prior civil actions fails to comply with the mandatory requirements of R.C. 2969.25(A). Although the affidavit appears to identify the parties to the case, case number, and outcome (in terms of current status), it does not comply with the other requirements of R.C. 2969.25(A). Whitehead failed to indicate the court in which the case was brought, R.C. 2969.25(A)(2) and a brief description of the nature of the action or appeal. R.C. 2969.25(A)(1).

**{¶7}** "Compliance with R.C. 2969.25(A) is mandatory, and failure to comply will warrant dismissal." *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, 50 N.E.3d 553, ¶ 3. Moreover, the statute requires strict compliance. *Id.* at ¶ 4; *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, 894 N.E.2d 47, ¶ 4. Where the affidavit

of prior actions does not provide all of the information required by R.C. 2969.25, the statute requires dismissal. *State ex rel. Ware v. Walsh*, 159 Ohio St.3d 120, 2020-Ohio-769, *State ex rel. Swanson v. Ohio Dept. of Rehab. & Correction*, 156 Ohio St.3d 408, 2019-Ohio-1271, 128 N.E.3d 193.

**{¶8}** The Ohio Supreme Court addressed an affidavit similarly lacking to the one presented here in *State ex rel. Kimbro v. Glavas*, 97 Ohio St.3d 197, 2002-Ohio-5808, 777 N.E.2d 257. Kimbro's affidavit stated, "In the last five (5) years, plaintiff has filed one civil petition in this Honorable Court under Kimbro v. Medders, Case No. 01CV128533, however, said action was dismissed for failure to prosecute an appeal." The Ninth District Court of Appeals sua sponte dismissed Kimbro's complaint because it failed to comply with R.C. 2969.25(A) and he appealed as of right to the Ohio Supreme Court.

**{¶9}** Kimbro claimed the Ninth District erred because his affidavit complied with R.C. 2969.25(A). The Court disagreed finding that Kimbro did not attach the affidavit required by R.C. 2969.25(A)(1), which specifies that the affidavit contain a "brief description of the nature of the civil action or appeal." The Court concluded that the affidavit's reference to the one case as an appeal of a "civil petition" failed to contain a sufficient description of the "nature of the civil action or appeal" and affirmed the Ninth District's dismissal of the complaint. *Id.*

**{¶10}** Here, Whitehead's affidavit refers to the only case listed as a "civil action" and "civil case." Therefore, the affidavit fails to contain a sufficient description of the "nature of the civil action or appeal" as required by R.C. 2969.25(A)(1). *Kimbro, supra.* Additionally, the affidavit fails to identify the court in which the civil action was brought as required by R.C. 2969.25(A)(2).

**{¶11}** Consequently, because Whitehead did not strictly comply with the mandatory requirements of R.C. 2969.25(A), the Court dismisses his petition on that basis alone. Even if the Court could reach the substantive argument set forth by Whitehead in his petition, we still would be compelled to dismiss it.

**{¶12}** Whitehead claims the trial court lacked jurisdiction over him rendering his conviction and sentence void ab initio. That claim is premised entirely upon his assertion that the arrest warrant issued upon indictment was invalid: "The arrest warrant enclosed has no legal force. It is not signed, not notarized, nor is it even filed stamped. It has no lawful effect, nor does it satisfy the state of Ohio's requirement of an arrest warrant being

based upon probable cause supported by oath." (Jan. 21, 2022 Petition - Habeas Corpus, p. 5.)

{¶13} R.C. 2725.01 provides: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." The writ of habeas corpus is an extraordinary writ. It will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy at law, such as a direct appeal or postconviction relief. *In re Pianowski,* 7th Dist. Mahoning No. 03 MA 16, 2003-Ohio-3881, ¶ 3; *see also State ex rel. Pirman v. Money,* 69 Ohio St.3d 591, 593, 635 N.E.2d 26 (1994). If a person is in custody by virtue of a judgment of a court of record and the court had jurisdiction to render the judgment, the writ of habeas corpus will not be allowed. *Tucker v. Collins,* 64 Ohio St.3d 77, 78, 591 N.E.2d 1241 (1992). "Absent a patent and unambiguous lack of jurisdiction, a party challenging a court's jurisdiction has an adequate remedy at law by appeal." *Smith v. Bradshaw,* 109 Ohio St.3d 50, 2006-Ohio-1829, 845 N.E.2d 516, ¶ 10.

{¶14} Habeas corpus relief is only available when there is no other adequate legal remedy available. *State ex rel. Jackson v. McFaul,* 73 Ohio St.3d 185, 186, 652 N.E.2d 746, 748 (1995). Habeas relief is also not a substitute for direct appeal or other forms of legal postconviction relief. *Cornell v. Schotten,* 69 Ohio St.3d 466, 633 N.E.2d 1111 (1994).

{¶15} The burden is on the petitioner to establish an immediate right to release. *Halleck v. Koloski,* 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965); *Yarbrough v. Maxwell,* 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963).

{¶16} In this instance, Whitehead's reliance on his unsigned arrest warrant is misplaced as a basis for habeas relief. Even assuming the unsigned warrant rendered his arrest illegal, the Ohio Supreme Court has held that an illegal arrest does not affect the validity of subsequent proceedings based on a valid indictment nor does it furnish a ground for release by habeas corpus after conviction. *State ex rel. Rackley v. Sloan*, 150 Ohio St.3d 11, 2016-Ohio-3416, 78 N.E.3d 819, ¶ 6; *State v. Thomas*, 7th Dist. Mahoning No. 18 MA 0132, 2020-Ohio-3637, ¶ 48. *See also United States v. Crews*, 445 U.S. 463, 474, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980) ("An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction");

*State v. Henderson*, 51 Ohio St.3d 54, 56, 554 N.E.2d 104 (1990) (an illegal arrest does not invalidate a subsequent conviction which is otherwise proper).

**{¶17}** And as to the legality of an unsigned arrest warrant in habeas corpus proceedings, the Ohio Supreme Court has held that a signature on an arrest warrant itself is not a constitutional requirement. *State v. Harrison*, Slip Opinion No. 2021-Ohio-4465, ¶ 39. Whitehead has available to him adequate remedies at law in the form of a direct appeal and postconviction relief to raise this type of alleged procedural error. The availability of these alternative remedies at law, even if he chooses to not pursue them or pursues them unsuccessfully, precludes a writ of habeas corpus. *State ex rel. O'Neal v. Bunting*, 140 Ohio St.3d 339, 2014-Ohio-4037, 18 N.E.3d 430, ¶ 15.

**{¶18}** It is well established that when a habeas petition fails to state a facially valid habeas corpus claim, the court is entitled to dismiss it without prior notice under the basic, summary procedure provided in R.C. Chapter 2725. *Wells v. Hudson*, 113 Ohio St.3d 308, 2007-Ohio-1955, 865 N.E.2d 46, ¶ 9, *citing Chari v. Fore*, 91 Ohio St.3d 323, 327, 2001-Ohio-49, 744 N.E.2d 763. *See also State ex rel. Crigger v. Ohio Adult Parole Authority*, 82 Ohio St.3d 270, 271, 1998-Ohio-239, 695 N.E.2d 254. Viewing Whiteheads's factual allegations (i.e., his arrest warrant was unsigned) as true and all reasonable inferences are made in his favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested extraordinary relief in habeas corpus.

**{¶19}** Accordingly, the Court dismisses Whitehead's petition for a writ of habeas corpus. No costs assessed. Final order. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

**JUDGE CAROL ANN ROBB**

**JUDGE GENE DONOFRIO**

**JUDGE DAVID A. D'APOLITO**