[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 463.]

THE STATE EX REL. JOHNSON, APPELLANT, *v*. OHIO ADULT PAROLE
AUTHORITY, APPELLEE.

[Cite as *State ex rel. Johnson v. Ohio Adult Parole Auth.*, 2002-Ohio 2481.]

*Mandamus sought to compel Ohio Adult Parole Authority to hold a decision-
review panel hearing on its March 1997 decision to deny relator parole—
Court of appeals' denial of writ affirmed.*

(No. 2001-2059—Submitted April 9, 2002—Decided June 12, 2002.)

APPEAL from the Court of Appeals for Scioto County, No. 00CA2743.

—————————

**Per Curiam.**

{¶1} In 1989, appellant, Gregory D. Johnson, was convicted of felonious assault and sentenced to a prison term of four to fifteen years. A year after being paroled, Johnson was arrested and charged with domestic violence. On January 8, 1997, appellee, Ohio Adult Parole Authority ("APA"), held a parole-revocation hearing, following which it concluded that Johnson had committed the charged parole violation. The APA revoked his parole.

{¶2} In March 1997, the Ohio Parole Board held a release-consideration hearing and recommended that Johnson remain in prison until the maximum expiration of his sentence in February 2003. A decision-review panel agreed with the recommendation.

{¶3} In October 2000, Johnson filed a complaint in the Court of Appeals for Scioto County for a writ of mandamus to compel the APA to, among other things, hold a decision-review panel hearing on the March 1997 decision to deny Johnson parole. Johnson's complaint contained unnotarized statements written by Johnson concerning other civil actions and appeals that he has filed against government entities or employees. The court of appeals converted the APA's

motion to dismiss into a motion for summary judgment and notified the parties that it was construing Johnson's complaint as claiming that the March 1997 hearing decision was not reviewed by the decision-review panel and that Johnson was not informed of any decision that it might have made. After the APA introduced evidence that the decision had been reviewed by the decision-review panel, Johnson filed a motion in which he admitted "that the purpose and intent of the [request for a] writ by petitioner has been served and satisfied, because I've finally received finality of the revocation matters, and closure." On October 5, 2001, the court of appeals granted the APA's motion for summary judgment and denied the writ.

{¶4} In his appeal of right, Johnson asserts that the court of appeals erred in granting summary judgment in favor of the APA. For the following reasons, Johnson's assertion lacks merit, and we affirm the judgment of the court of appeals.

{¶5} Johnson failed to comply with the requirements of R.C. 2969.25(A) in commencing this action. *State ex rel. Akbar-El v. Cuyahoga Cty. Court of Common Pleas* (2002), 94 Ohio St.3d 210, 761 N.E.2d 624. Johnson's unnotarized statements attached to his complaint concerning his previous civil actions and appeals against government entities or employees did not meet the affidavit requirement of R.C. 2969.25(A). See *State ex rel. Ditmars v. McSweeney* (2002), 94 Ohio St.3d 472, 475, 764 N.E.2d 971, quoting Black's Law Dictionary (7th Ed.1999) 58 ("Applying the ordinary and common meaning of the word here, an 'affidavit' is a 'voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths' "); see, also, *State ex rel. Bowman v. Columbiana Cty. Bd. of Commrs.* (1997), 77 Ohio St.3d 398, 400, 674 N.E.2d 694 ("Undefined words used in a statute must be accorded their usual, normal, or customary meaning").

{¶6} Furthermore, as the court of appeals concluded, a writ of mandamus will not issue to compel an act that has already been performed. *State ex rel. Swingle v. Zaleski* (2001), 91 Ohio St.3d 82, 83, 742 N.E.2d 130. Johnson

conceded in the court of appeals that the purpose of his mandamus action had been satisfied. By so admitting, Johnson, in effect, invited the court's denial of his request for a writ of mandamus. See *State ex rel. Mason v. Griffin* (2000), 90 Ohio St.3d 299, 303, 737 N.E.2d 958, quoting *State ex rel. Beaver v. Konteh* (1998), 83 Ohio St.3d 519, 521, 700 N.E.2d 1256 (" 'Under the invited-error doctrine, a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make' ").

{¶7} Based on the foregoing, Johnson was not entitled to the requested extraordinary relief in mandamus, and we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

Gregory D. Johnson, pro se.

————————————