OPINION
{¶ 1} These appeals are brought by Benjamin L. Richardson from the judgments of convictions and sentences rendered by the Court of Common Pleas, Defiance County, upon a jury verdict finding him guilty of one count of robbery, a felony of the second degree, in violation of R.C.2911.02(A)(2); theft, a felony of the fifth degree, in violation of R.C.2913.02(A)(1); and receiving stolen property, a fifth degree felony, in violation of R.C. 2913.51. For these crimes, Appellant was sentenced to serve a seven-year prison term.
 {¶ 2} The record presents the following facts. At 10 p.m. on September 7, 2000, Allison Fitzenrider, an employee of the Marathon gas station in Defiance, Ohio, was standing outside of her car holding a locked bank bag full of that evening's cash register contents when a man approached her from behind, threw her to the ground, and took the bag. Allison and her co-worker, Ryan Soukup, were able to give police a general physical description of the assailant, but could not give a description of his face.
 {¶ 3} Appellant Benjamin Richardson became a suspect in the robbery after a Defiance police officer spotted him running through a nearby alley. Later, when questioned by police, Richardson denied being the assailant and stated that two men by the name of T.J. Moll and Ruben Perez carried out the robbery and then came to his apartment to divide up the stolen money. When police questioned Moll, he stated that he witnessed the robbery and while he could not be certain, he believed that Richardson was the perpetrator.
 {¶ 4} Following an extensive police investigation, the Defiance County Grand Jury issued a three count indictment against Richardson on August 3, 2001, for one count of robbery, a felony of the third degree, in violation of R.C. 2911.02(A)(3); theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1); and receiving stolen property, a fifth degree felony, in violation of R.C. 2913.51. The grand jury issued a second indictment on January 22, 2002 for one count of robbery, a felony of the second degree, in violation of R.C. 2911.02(A)(2). The cases were later consolidated and Appellant entered a plea of not guilty to all counts.
 {¶ 5} A trial by jury commenced on March 18, 2002, wherein Appellant was found guilty of all counts. The trial court sentenced Appellant to a seven-year term of incarceration. It is from these orders that Appellant now appeals.
 {¶ 6} Appellant raises the following assignments of error: I. Thedefendant was convicted due to his trial counsel: a) failed to ask for amistrial; b) failed to properly lay foundation for an impeachment; c)failed to cross examine Moll regarding deal; d) failed to see that hisproffered transcript of Moll's statement was made a part of the wholerecord. II. The trial court committed plain error. III. The trial courtfailed to declare a mistrial and became an advocate for the state. IV.The trial court failed to call T.J. Moll as a witness so both sides couldcross examine him. V. The trial court failed to allow the defense counselto use a prior contradictory statement to cross examine T.J. Moll.
 I. {¶ 7} In his first assignment of error, Appellant alleges that he was convicted due to his trial counsel's failure to withdraw from the case, failure to ask for a mistrial, failure to vigorously cross-examine the witness T.J. Moll, and failure to properly proffer certain exculpatory evidence. Appellant asks this court to grant him a new trial based solely upon the errors committed by his trial counsel. Appellant's request is denied.
 {¶ 8} Standing alone, errors made by trial counsel when trying a case are not grounds for a new trial. See Goldfuss v. Davidson,79 Ohio St.3d 116, 1997-Ohio-401, 122, 679 N.E.2d 1099, (holding that an unsuccessful civil litigant may not obtain a new trial based upon the bare assertion that his or her attorney was ineffective). Furthermore, according to the doctrine of invited error, a party may not take advantage of error for which he himself invited or induced. Lester v.Leuck (1943), 142 Ohio St. 91, 92, 50 N.E.2d 145; State ex rel. Johnsonv. Ohio Adult Parole Auth., 95 Ohio St.3d 463, 2002-Ohio-2481,768 N.E.2d 1176. We recognize that Appellant has a constitutional right to effective assistance of counsel; however, he does not claim a denial of this right. Accordingly, Appellant's first assignment of error is overruled.
 II. {¶ 9} In his second assignment of error, Appellant argues that the trial court committed plain error when it refused to declare a mistrial and when it refused to allow him to cross examine T.J. Moll regarding alleged prior contradictory statements. We are unable to reach the merits Appellant's argument.
 {¶ 10} App.R.16(A)(3) requires appellants to set forth assignments of error with reference to the place in the record where each error is reflected. Appellant has failed in this regard. Not only does his assignment of error lack reference to the record, but Appellant's argument fails to identify the moment at which the trial court should have declared a mistrial and does not specifically identify an incident in which the trial court ruled on the admissibility of Moll's prior contradictory statements. Appellant's argument is vague and generalized and does not even identify the grounds on which a mistrial should have been declared. Furthermore, it appears that Appellant supports his argument with matters not on the record and therefore, not properly before this court on direct appeal. For these reasons, Appellant's second assignment of error is overruled.
 III. {¶ 11} In his third assignment of error, Appellant argues that he was denied due process and equal protection of law when the trial court became an advocate for the state. Here, Appellant contends that the trial court should have, sua sponte, ordered a mistrial when it became aware of a prior inconsistent statement made by the witness T.J. Moll. Appellant's argument as no merit.
 {¶ 12} Our review of the record reveals that T.J. Moll was thoroughly cross-examined regarding the fact that when he initially gave a statement to police, he stated that he was not sure who the robber was, but thought that it was the Appellant. Later, at trial, Moll stated that he was positive that Appellant committed the robbery. Moll explained that he did not positively identify Appellant in the beginning out of fear. Our review of Moll's direct testimony and cross examination reveal that the jury was made fully aware of the variation between Moll's initial statements to police and his in-court testimony. Therefore, we do not find grounds for a mistrial in this regard much less a duty for the trial court to sua sponte declare a mistrial.
 {¶ 13} Appellant further argues that the trial court demonstrated bias in its rulings and became an advocate of the state when it would not allow the jury to hear certain statements made by T.J. Moll. Once again, Appellant fails to identify the place in the record where this error occurred and we are unable to locate it. We find no bias on the part of the trial court or nor can we locate an error with regard to an evidentiary ruling. Furthermore, a trial court can not be said to be biased by merely making evidentiary rulings based on well stated Ohio law and rules of evidence. Indeed, a trial court has broad discretion with respect to the admission or exclusion of evidence." State v. Hawn
(2000), 138 Ohio App.3d 449, 457, 741 N.E.2d 594. Accordingly, Appellant's third assignment of error is overruled.
 IV. {¶ 14} In his fourth assignment of error, Appellant contends that the trial court should have, sua sponte, called T.J. Moll as a witness so both sides could cross-examine him. For this proposition, Appellant cites Evid.R.614(A), which states that a trial court may call witnesses at the request of a party or on its own motion. The decision on whether to call an individual as a witness of the court rests within the sound discretion of the trial court. State v. Adams (1980), 62 Ohio St.2d 151, 404 N.E. 144.
 {¶ 15} Our review of the record reveals that neither party asked the court to call T.J. Moll to the stand as its own witness. Appellant insists that the trial court was required to do so once the court became aware of Moll's allegedly inconsistent statements. Appellant cites no authority that would make it mandatory for a court to sua sponte invoke its power under Evid.R.614(A). Furthermore, we find no abuse of discretion on the part of the trial court for not calling Moll as its own witness. Moll was on the stand as the state's witness when his former statement to police was revealed. Upon that revelation, defense counsel had sufficient opportunity to question him regarding his eye witness identification and his credibility. Accordingly, Appellant's fourth assignment of error is overruled.
 V. {¶ 16} In his fifth assignment of error, Appellant contends that the trial court erred when it failed to allow him impeach T.J. Moll by playing, to the jury, a taped conversation between defense counsel and Moll. According to Appellant, the tape would have revealed Moll's prior inconsistent statements to the jury. We do not find reversible error.
 {¶ 17} Our review on this matter is limited because the trial court made its ruling outside the presence of the court reporter. Therefore, we are not privy to the trial court's ruling or its rationale. However, even if we were to find error, that error would be harmless since, as we have already pointed out, the jury heard testimony regarding the difference between Moll's initial statements to police and his in-court statement. Additionally, the jury was apprised of the fact that Moll was currently incarcerated. Moll's credibility was sufficiently called into question without the use of the tape made by Appellant's trial counsel. Accordingly, any error in not allowing the tape to be heard was harmless. Appellant's fifth assignment of error is overruled.
 {¶ 18} For the reasons stated it is the order of this Court that the judgments of conviction and sentence by the Court of Common Pleas, Defiance County are hereby AFFIRMED.
Judgments affirmed.
WALTERS and CUPP, JJ., concur.