TOLEDO BAR ASSOCIATION *v.* NELLER.

[Cite as *Toledo Bar Assn. v. Neller,*
102 Ohio St.3d 1234, 2004-Ohio-2895.]

(No. 2002–1775—Submitted May 26, 2004—Decided June 23, 2004.)

**Per Curiam.**

{¶ 1} This case presents the question whether unsworn written statements that are signed under penalty of perjury may be substituted for affidavits in Ohio. We conclude that they may not.

{¶ 2} Last year, we permanently disbarred Toledo attorney Richard M. Neller. See *Toledo Bar Assn. v. Neller,* 98 Ohio St.3d 314, 2003-Ohio-774, 784 N.E.2d 689. In accordance with that disbarment order, we directed Neller to take various steps to terminate his law practice. Included in this court's March 5, 2003 order to Neller is this language:

{¶ 3} "It is further ordered that * * * respondent shall:

{¶ 4} "* * *

{¶ 5} "6. File with the Clerk and the Disciplinary Counsel * * * an *affidavit* showing compliance with this order * * *." (Emphasis added.)

{¶ 6} The quoted language tracks the requirements of Gov.Bar R. V(8)(E)(3), which describes the duties of a disbarred or suspended attorney.

{¶ 7} In response to that order, Neller sent to the Clerk of this court in February of this year a signed document that he styled as an "affidavit," though he did not sign it before a notary or any other person authorized to administer oaths. In the signed "affidavit," Neller "states and declares under the penalties of perjury" that the statements in the document are "true and correct."

{¶ 8} The Clerk's office initially rejected the document because Neller's signature on it was not notarized. Neller sent the document back to the Clerk, however, insisting that a federal statute recognizes the validity of unsworn documents like the one that he prepared. On February 25, 2004, the Clerk's office accepted and filed the document.

{¶ 9} We have now examined the question and conclude that the document does not comply with this court's order—and the language in Gov.Bar R. V(8)(E)(3)—requiring that an "affidavit" be filed by Neller and any other suspended or disbarred attorney in the same situation.

*Ohio Law on Affidavits*

{¶ 10} In Ohio, an affidavit "is a written declaration under oath." R.C. 2319.02. It "may be made in or out of this state before any person authorized to take depositions." R.C. 2319.04.

{¶ 11} Notaries public are of course the persons who most often administer the oaths that appear on affidavits. In Ohio, a "notary public may, throughout the state, administer oaths required or authorized by law," R.C. 147.07, and "[n]o notary public shall certify to the affidavit of a person without administering the appropriate oath or affirmation to the person." R.C. 147.14.

{¶ 12} Anyone who knowingly makes a false statement that is "sworn or affirmed before a notary public or another person empowered to administer oaths" can be prosecuted under R.C. 2921.13(A)(6) for the first-degree misdemeanor crime of falsification, while a knowing and material false statement given in an "official proceeding" can lead to a felony prosecution under R.C. 2921.11(A) for the crime of perjury.

*A Different Approach Under Federal Law*

{¶ 13} Neller points to a federal statute in support of his claim that he need not present a sworn affidavit to the Clerk to comply with this court's order and Gov.Bar R. V(8)(E)(3). That federal statute—Section 1746, Title 28, U.S.Code—says:

{¶ 14} "Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be * * * established * * * by the sworn * * * statement, oath, or affidavit, in writing of the person making the same * * *, such matter may, with like force and effect, be * * * established * * * by the unsworn * * * statement[ ] in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

{¶ 15} "* * *

{¶ 16} "(2) If executed within the United States * * *: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature).' "

{¶ 17} As Neller suggests, that federal statute is indeed a valid provision, and it is cited in a number of other federal statutes and rules. See, e.g., Section 1621(2), Title 18, U.S.Code (imposing penalties for perjury on those who make

material false statements in a document signed "under penalty of perjury as permitted under section 1746 of title 28"); U.S.Sup.Ct.R. 29(2) and (5)(c) (describing filing and service requirements for documents sent to the Supreme Court).

{¶ 18} And the federal circuit and district courts have readily accepted for many years the kinds of documents that Neller has presented to this court. See, e.g., *Peters v. Lincoln Elec. Co.* (C.A.6, 2002), 285 F.3d 456, 475 (noting that the federal statute "allows for 'unsworn declarations under penalty of perjury' to support any matter that legally requires an affidavit to support it"); *Hameed v. Pundt* (S.D.N.Y.1997), 964 F.Supp. 836, 840–841 (citing the federal statute in relying on unsworn documents to grant summary judgment).

{¶ 19} Yet the legislative history of the federal statute indicates that the law was designed "to permit the use in *Federal* proceedings of unsworn declarations given under penalty of perjury in lieu of affidavits." (Emphasis added.) H.R.Rep. No. 94–1616, 1976 U.S.C.C.A.N. 5644. That legislative history tracks the text of the federal statute itself, which allows the use of unsworn declarations in lieu of sworn affidavits when affidavits would otherwise be required or permitted by "any law of the *United States*" (emphasis added), or any other "rule, regulation, order, or requirement made pursuant to law." Section 1746, Title 28, U.S. Code. That language in the statute indicates that Congress intended to change *federal* law but leave the states free to set their own policies concerning affidavits.

{¶ 20} As for the purpose of the federal statute that Congress enacted and President Ford signed in 1976, the legislative history explains that "[t]he requirement that the person who signs an affidavit must appear before a notary and be sworn can be inconvenient." H.R.Rep. No. 94–1616, 1976 U.S.C.C.A.N. 5644, 5645. The law is therefore designed to "provide[ ] an alternative to affidavits and sworn documents." Id. at 5645.

{¶ 21} While Congress is certainly entitled to its view that appearing before a notary to sign an affidavit is an unnecessary inconvenience, the states have by no means universally embraced the idea. To be sure, several states have either adopted the federal statute outright or have enacted statutes that achieve the same result. See, e.g., Fla.Stat.Ann. 92.525 (2004); Nev.Rev.Stat. 53.045 (2001); W.Va.Code 39–1–10a (2004). Ohio, however, has never recognized any exception to the statutory requirement that a valid affidavit must be a "written declaration under oath." R.C. 2319.02.

{¶ 22} In fact, this court has repeatedly explained—both before and after the 1976 enactment of the federal statute—that an "affidavit" must be a sworn statement. See, e.g., *State ex rel. Johnson v. Ohio Adult Parole Auth.*, 95 Ohio St.3d 463, 2002-Ohio-2481, 768 N.E.2d 1176, ¶ 5 (holding that unnotarized statements attached to a prisoner's complaint did not meet the relevant statutory

affidavit requirement); *In re Disqualification of Pokorny* (1992), 74 Ohio St.3d 1238, 657 N.E.2d 1345 ("A paper purporting to be an affidavit, but not to have been sworn to before an officer, is not an affidavit"); *State ex rel. Coulverson v. Ohio Adult Parole Auth.* (1991), 62 Ohio St.3d 12, 14, 577 N.E.2d 352 (an " 'affidavit' * * * not sworn before anyone authorized to give oaths * * * is void"); *Benedict v. Peters* (1898), 58 Ohio St. 527, 536, 51 N.E. 37 ("The general rule is that an affidavit must appear on its face to have been taken before the proper officer, and in compliance with all legal requisitions").

*Neller's "Affidavit" Must Be Stricken*

{¶ 23} When Neller presented to the Clerk of this court an unsworn declaration "under the penalties of perjury," he failed to comply with the court's express order that he provide an "affidavit" to the Clerk. That directive echoes the affidavit requirement imposed on all similarly suspended or disbarred attorneys by Gov.Bar R. V(8)(E)(3).

{¶ 24} Our rejection today of Neller's filing, and our enforcement instead of a strict and traditional reading of the term "affidavit," is consistent with this court's longstanding insistence that only a written declaration made under oath before a proper officer qualifies as an "affidavit." Because the General Assembly has never done what Congress has done in this area—enact a provision recognizing the legal validity of unsworn declarations made under penalty of perjury—we cannot accept the "affidavit" that Neller presented to the Clerk in February.

{¶ 25} For the reasons explained above, the document presented by Richard M. Neller and accepted by the Clerk of this court on February 25, 2004, is hereby rejected and stricken from this court's files. Neller remains bound by Gov.Bar R. V(8)(E)(3), as well as this court's March 5, 2003 order.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

PFEIFER, J., dissents.

———

**PFEIFER, J., dissenting.**

{¶ 26} I would accept the filing and move on. This issue is not worthy of the paper it has consumed.

———

Richard Neller, pro se.