OPINION *Page 2 
{¶ 1} In 2004, Appellant, Richard Clark Sr., was convicted on charges of rape and gross sexual imposition of a minor in the Mahoning County Court of Common Pleas and sentenced to life in prison. On appeal, we affirmed his convictions and sentence. State v. Clark, 7th Dist. No. 04 MA 246, 2006-Ohio-1155. We later allowed his application for reopening and vacated his sentence and remanded the matter only for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470.
 {¶ 2} Appellant subsequently filed a petition for postconviction relief in the Mahoning County Court of Common Pleas. He raised twelve claims in support of his petition seeking relief from imprisonment. In response, the State of Ohio requested summary judgment based on the fact that Appellant failed to submit any evidentiary materials outside of the record as required in support of his petition. The trial court agreed and granted Appellee summary judgment as a matter of law.
 {¶ 3} Appellant now appeals the October 28, 2005, trial court decision regarding his petition for postconviction relief. He did not timely file his notice of appeal with this Court. However, we accepted Appellant's notice of appeal because the trial court's docket did not reflect that Appellant had been properly served with the October 28, 2005 judgment. (April 21, 2006, Journal Entry.)
 {¶ 4} On appeal, Appellant does not address the fact that the trial court determined that his petition lacked evidence dehors the record. Instead, he argues that his trial counsel, the prosecutor, and the trial court failed to acknowledge and allow evidence at trial on the underlying charges regarding the victim's prior *Page 3 
allegations of sexual abuse. He also argues that he was prejudiced by an emotional outburst at trial. For the following reasons, Appellant's arguments lack merit and are overruled.
 {¶ 5} Although Appellant claims to raise six assignments of error on appeal, his brief reflects only five:
 {¶ 6} "INEFFECTIVE ASSISTANCE OF COUNSEL OF CONSTITUTIONAL DIMENSIONS.
 {¶ 7} "THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 8} "PROSECUTORIAL MISCONDUCT OF CONSTITUTIONAL MAGNITUDE.
 {¶ 9} "JUDICIAL MISCONDUCT CONSTITUTING BIAS AND DENYING APPELLANT HIS 14th AMENDMENT RIGHT TO DUE PROCESS AND RISING TO THE LEVEL OF CONSTITUTIONAL MAGNITUDE.
 {¶ 10} "EMOTIONAL MANIFESTATIONS BY VICTIM OR FAMILY OF VICTIM DURING CRIMINAL TRIAL AS GROUND FOR REVERSAL, NEW TRIAL, OR MISTRIAL. 31 A.L.R. 4th 229."
 {¶ 11} An individual convicted of a criminal offense and who alleges the denial of a constitutional right at trial may seek postconviction relief pursuant to R.C. 2953.21(A)(1)(a). A petition for postconviction relief is a civil proceeding in which the petitioner attacks the validity of the judgment against him. State v. Milanovich (1975),42 Ohio St.2d 46, 49, 325 N.E.2d 540; State v. Steffen (1994),70 Ohio St.3d 399, 410, 639 N.E.2d 67. A trial court must examine the petition, its supporting *Page 4 
documents, and the record of proceedings against the petitioner to determine if there are substantive grounds for relief before dismissing a petition. R.C. 2953.21(C).
 {¶ 12} A criminal defendant challenging his conviction through a petition for postconviction relief is not automatically entitled to a hearing. Instead, the court must first determine whether there is reason to believe that, "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]" R.C.2953.21(A)(1); State v. Cole (1982), 2 Ohio St.3d 112, 443 N.E.2d 169.
 {¶ 13} A prosecuting attorney may move for summary judgment in postconviction proceedings. The trial court is required to review the pleadings, affidavits, files, and other records to assess whether there is a genuine issue as to any material fact, and whether a substantial constitutional issue is established. Civ.R. 56; Milanovich, supra, at paragraph two of the syllabus. Further, the "right to summary judgment shall appear on the face of the record." R.C. 2953.21 (D).
 {¶ 14} The Ohio Supreme Court has held that the doctrine of res judicata applies to postconviction relief proceedings. State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph eight of the syllabus. This doctrine bars an individual from raising a defense or claiming a lack of due process that was or could have been raised at trial or on direct appeal. State v. Ishmail (1981), 67 Ohio St.2d 16,18, 423 N.E.2d 1068. Further, and as a practical matter, the doctrine of res judicata bars claims that are unsupported by evidence from outside the original record. State v. Combs (1994), 100 Ohio App.3d 90, 97,652 N.E.2d 205. "To overcome the res judicata bar, evidence offereddehors the record must demonstrate *Page 5 
that the petitioner could not have appealed the constitutional claim based upon information in the original record." State v. Lawson (1995),103 Ohio App.3d 307, 315, 659 N.E.2d 362.
 {¶ 15} In the instant cause, Appellee sought summary judgment on the basis that Appellant failed to set forth any evidence from outside the original record in support of his petition for postconviction relief. As such, Appellee argues that Appellant was not entitled to postconviction relief.
 {¶ 16} A review of the trial court's record supports the court's decision to grant summary judgment and to dismiss Appellant's petition as a matter of law. Appellant's first four assignments of error hinge on his allegation that exculpatory evidence existed prior to trial, but that his counsel did not present the evidence; that the prosecution did not disclose this evidence; and that the trial court judge ignored the alleged evidence. Specifically, Appellant claims that witnesses existed who did not testify at trial. He believes these witnesses would have established that the victim of Appellant's offenses had repeatedly made false sexual allegations against others. As Appellee pointed out to the trial court, however, Appellant failed to submit any evidence from outside the original trial court record in support of these allegations.
 {¶ 17} Appellant did make some attempt to submit several affidavits in this matter. However, the "affidavits" Appellant submitted to the trial court were not sworn and subscribed before a notary public. Instead, the "affiant" in each "affidavit" dated and signed the document after the declaration: "Pursuant to 28 U.S.C.A. 1746(2), I declare under the penalty of perjury that the foregoing is true and correct." (See "affidavits" of Amanda Clark, Nick Clark, Richard Clark, Sr., Matthew Clark, Kirk *Page 6 
Snipes, and Delores Oslavic attached to Petitioner's October 19, 2005, Motion to Supplement the Record.)
 {¶ 18} Appellant fails to appreciate that 28 U.S.C.A. 1746(2) is a federal provision. Further, the Ohio Supreme Court has specifically rejected the use of an unsworn statement made under the penalty of perjury in the place of an affidavit. Toledo Bar Association v.Neller, 102 Ohio St.3d 1234, 2004-Ohio-2895, 809 N.E.2d 1152, ¶ 22, citing State ex rel. Johnson v. Ohio Adult Parole Auth.,95 Ohio St.3d 463, 2002-Ohio-2481, 768 N.E.2d 1176, ¶ 5. An affidavit must be a sworn statement. Id. Neller further explained that the, "language in the [federal] statute indicates that [the United States] Congress intended to change federal law but leave the states free to set their own policies concerning affidavits." Id. at ¶ 19, citing Section 1746, Title 28, U.S. Code. Thus, in Ohio any unsworn statements made under the penalty of perjury are to be stricken from the record. Id. at ¶ 25.
 {¶ 19} In the instant matter, the only sworn affidavits in the record concern Appellant's indigency. Appellant also submitted a "verification" attesting to the facts in his delayed appeal. However, there were no affidavits or other relevant evidence in the trial court's record evidencing any substantive grounds for relief. Accordingly, Appellant's claims were barred by res judicata and were appropriately dismissed.Combs, supra, at 97. Thus, Appellant's argument that exculpatory evidence existed other than that presented at trial lacks merit. Appellant simply presented no such evidence to the trial court. Thus, Appellant's first four assignments of error are hereby overruled. *Page 7 
 {¶ 20} It should be mentioned that Appellant has submitted what appears to be a proper affidavit with his untimely February 22, 2007, Reply to the State's Merit Brief. However, this affidavit was notarized August 2, 2006. (February 22, 2007, Reply to the State's Merit Brief, Exh. H.) It is clear this affidavit was never before the trial court since the instant appeal arises from the trial court's October 28, 2005 Judgment Entry. Thus, we are precluded from considering this affidavit on appeal. State v. DeMastry, 155 Ohio App.3d 110, 2003 Ohio-5588, 799 N.E.2d, ¶ 40.
 {¶ 21} Appellant asserts in his final assignment of error that the victim's family member's emotional outburst at trial was prejudicial and that the outburst caused error of such substance it should void his convictions. However, Appellant could have raised this issue at his trial or on direct appeal. He did not. Thus, this argument is also barred by the doctrine of res judicata. Ishmail, supra, at 18.
 {¶ 22} In conclusion, Appellant's assignments of error lack merit and are overruled. Appellant has failed to set forth any new evidence tending to establish that he was denied a constitutional right. The trial court's decision is hereby affirmed in full.
 Donofrio, J., concurs. Vukovich, J., concurs. *Page 1