[Cite as *State v. Turner*, 2021-Ohio-541.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellant, | : | CASE NO. CA2018-11-082 |
| | : | O P I N I O N |
| - vs - | | 3/1/2021 |
| | : | |
| RYAN TURNER, | : | |
| Appellee. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2018 TRC 11581

D. Vincent Faris, Clermont County Prosecuting Attorney, Nick Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellant

Faris & Faris, LLC, Zachary F. Faris, 40 South Third Street, Batavia, Ohio 45103, for appellee

**HENDRICKSON, P.J.**

{¶1} This matter is before us on remand from the Ohio Supreme Court pursuant to *State v. Turner*, Slip Opinion No. 2020-Ohio-6773 ("*Turner II*"), for consideration of an issue not previously ruled on by this court in the state's appeal of a Clermont County Municipal Court decision granting the motion to suppress of appellee, Ryan Turner. Because the state failed to raise an argument in the court below that the traffic stop of Turner's motor

vehicle was lawful, even in the absence of probable cause or reasonable articulable suspicion, due to the officer's reasonable mistake of law, we find the issue waived and therefore affirm the decision of the trial court granting Turner's motion to suppress.

## I. FACTS & PROCEDURAL HISTORY

{¶2} The facts related to Turner's motion to suppress were set forth in great detail in *State v. Turner*, 12th Dist. Clermont No. CA2018-11-082, 2019-Ohio-3950, ¶ 2-6 ("*Turner I*"). Rather than repeat them in full, we limit our recitation of the facts to those pertinent to resolving the issue on remand.

{¶3} On August 5, 2018, Ohio State Highway Patrol Trooper Jordan Haggerty stopped Turner as Turner was driving on Old State Route 74, a two lane, two-way road in Union Township, Clermont County, Ohio for failing to drive within the marked lanes. Turner was charged with committing a marked lanes violation under R.C. 4511.33 and with operating a motor vehicle while under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a) and (d).

{¶4} Turner pled not guilty to the charges and filed a motion to suppress evidence relating to the OVI charge on the basis that Trooper Haggerty did not have probable cause or reasonable and articulable suspicion to initiate the traffic stop. At a hearing on Turner's motion to suppress, Trooper Haggerty testified that he had observed the vehicle driven by Turner drift to the right, with the sedan's two right tires touching the solid, white fog line on the right side of the road. The sedan's right tires did not cross the fog line, but merely touched the line. This was the sole basis for the traffic stop of Turner's vehicle.

{¶5} At the conclusion of the motion to suppress hearing, the trial court heard argument from the parties as to the merits of Turner's motion. The state argued that the traffic stop was lawful as there was probable cause and reasonable and articulable suspicion to believe a marked lanes violation had occurred when the tires touched the fog

line. Turner maintained the stop was unlawful, as there was neither probable cause nor reasonable and articulable suspicion to make the stop as his tires had not crossed the fog line. The trial court invited the parties to submit a memorandum and/or case law dealing with the issue of whether touching, but not crossing a marked lane line constituted a violation of the marked-lanes statute. Turner submitted a memorandum on November 7, 2018. The state did not submit a memorandum.

{¶6} On November 14, 2018, the trial court granted Turner's motion to suppress, concluding that a reasonable, prudent police officer would not have believed that a marked-lanes violation had occurred. The trial court stated that although it could not see the one-time touch of the fog line by Turner's tires on the trooper's dash-cam video, it would take Trooper Haggerty at his word that Turner's tires had touched the line. The court nonetheless concluded that touching the fog line did not establish probable cause that a violation of R.C. 4511.33(A)(1) had occurred.

{¶7} The state appealed the trial court's decision, arguing that Trooper Haggerty had reasonable and articulable suspicion to effectuate the traffic stop as he believed Turner had committed a marked lanes violation. Alternatively, the state contended that even if there was not sufficient reasonable and articulable suspicion for the stop, the stop was nonetheless lawful as "the officer made a reasonable mistake of law." *See Turner I*, 2019-Ohio-3950 at ¶ 9.

{¶8} In a split decision, the majority in *Turner I*, reversed the trial court's decision, holding that "[d]riving on a marked lane is not fully inside or 'entirely within' a single lane of traffic. As such, an officer who observes a motorist driving on a marked lane line has reasonable and articulable suspicion that the driver has violated R.C. 4511.33 and may

conduct a traffic stop." *Id.* at ¶ 19.[1]  Given the majority's conclusion that there was reasonable and articulable suspicion to justify the traffic stop of Turner's vehicle, the court determined that it was "unnecessary to address the state's 'mistake of law' argument." *Id.* at ¶ 22.

{¶9}   Following the decision in *Turner I*, this court certified our decision as being in conflict with decisions from the First, Third, Fifth, Sixth, Eighth, and Eleventh District Courts of Appeals, as those courts had determined that traveling on a marked lane line was not a violation of the marked-lanes statute, R.C. 4511.33, and therefore did not create probable cause or reasonable and articulable suspicion for a traffic stop.  *State v. Turner*, 12th Dist. Clermont No. CA2018-11-082 (Entry Granting Motion to Certify Conflict) (Nov. 22, 2019). The supreme court accepted jurisdiction over the certified conflict.

{¶10}  In *Turner II*, the supreme court modified the certified question upon a determination that the proper inquiry was "whether the officer had 'probable cause to believe that a traffic violation has occurred.'"  *Turner II*, 2020-Ohio-6773 at ¶ 2, quoting *Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769 (1996).  Therefore, the issue before the court was whether an officer has probable cause to conduct a traffic stop of a motor vehicle for a marked lanes violation under R.C. 4511.33(A)(1) when the officer observes the tires of a vehicle driving on, but not across a marked lane line.  *Id.* at ¶ 1-2.  The court answered the question in the negative, holding that

> based on the plain language of R.C. 4511.33(A)(1), the definitions set forth in R.C. 4511.01, and the statutory scheme as a whole, * * * the single solid white longitudinal line on the right-hand edge of a roadway – the fog line – merely

---

1. In *Turner I*, the dissent found that the Manual of Uniform Traffic Control Devices, "as incorporated into R.C. Chapter 4511, defines a lane of travel as including the fog line such that a mere touching or driving upon the fog line does not violate R.C. 4511.33(A)."  *State v. Turner*, 12th Dist. Clermont No. CA2018-11-082, 2019-Ohio-3950, ¶ 36.  The dissent, therefore, found there was not probable cause nor reasonable and articulable suspicion for the traffic stop and indicated that the trial court's decision granting the motion to suppress should be affirmed.  *Id.* at ¶ 29, 36.

"discourages or prohibits" a driver from "crossing" it; it does not prohibit "driving on" or "touching" it.

*Id.* at ¶ 3, citing Manual of Uniform Traffic Control Devices ("MUTCD") Section 3A.06(B) (Jan. 13, 2012). The supreme court found that Turner's touching of the fog line was not a violation of R.C. 4511.33(A)(1) and did not create probable cause for the traffic stop. *Id.* at ¶ 29 and 35. However, because the issue of the state's alternative "reasonable mistake of law" argument had not been addressed on direct appeal, the supreme court remanded the matter for consideration of "whether the trooper's reasonable mistake of law validated the stop." *Id.* at ¶ 38.

## II. ANALYSIS

{¶11} "The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution prohibit unreasonable searches and seizures, including unreasonable automobile stops." *Bowling Green v. Godwin*, 110 Ohio St.3d 58, 2006-Ohio-3563, ¶ 11. When a defendant files a motion to suppress alleging the traffic stop constituted an unlawful seizure, "the state bears the burden of demonstrating the validity of [the] traffic stop." *State v. Bui*, 6th Dist. Lucas No. L-19-1028, 2021-Ohio-362, ¶ 29, citing *State v. Foster*, 11th Dist. Lake No. 2003-L-039, 2004-Ohio-1438, ¶ 6. *See also Xenia v. Wallace*, 37 Ohio St.3d 216 (1988), paragraph two of the syllabus; *State v. Adkins*, 12th Dist. Butler Nos. CA2014-02-036 and CA2014-06-141, 2015-Ohio-1698, ¶ 28.

{¶12} In the case before us, the state asserted a new justification for the validity of the traffic stop for the first time on appeal; that is, the officer's "reasonable mistake of law." This justification was not argued or presented to the trial court as a basis for authorizing or validating the traffic stop. The state did not submit a memorandum in opposition to appellant's motion to suppress in which it asserted the "reasonable mistake of law" argument, and it failed to raise the argument altogether at the suppression hearing.

{¶13} "A first principle of appellate jurisdiction is that a party ordinarily may not present an argument on appeal that it failed to raise below." *State v. Wintermeyer*, 158 Ohio St.3d 513, 2019-Ohio-5156, ¶ 10, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). This court has consistently applied this principal, holding that "a party cannot raise new issues or legal theories for the first time on appeal because such issues or theories are deemed waived." *State v. Keating*, 12th Dist. Clermont No. CA2019-08-064, 2020-Ohio-2770, ¶ 27, citing *State v. Kirk*, 12th Dist. Clermont No. CA2019-07-053, 2020-Ohio-323, ¶ 25. "This waiver 'applies to arguments not asserted either in a written motion to suppress or at the suppression hearing.'" *Kirk* at ¶ 25, citing *State v. Walker*, 1st Dist. Hamilton No. C-150757, 2017-Ohio-9255, ¶ 26.

{¶14} As the record reflects that the state failed to raise in the trial court an argument that the traffic stop of Turner's vehicle was lawful, even in the absence of probable cause or reasonable articulable suspicion, due to the officer's reasonable mistake of law, we find that this issue is not properly before this court. *See Keating* at ¶ 26-27; *Kirk* at ¶ 25. Accordingly, the state's assignment of error contending the trial court erred in granting the motion to suppress is overruled.

### III. CONCLUSION

{¶15} Based on the record before us, we find that the trial court did not err in granting Turner's motion to suppress.

{¶16} Judgment affirmed.

M. POWELL and S. POWELL, JJ., concur.