[Cite as *State v. Kraynak*, 2024-Ohio-1428.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

STATE OF OHIO,

        Plaintiff-Appellant,

- vs -

SEAN JOSEPH KRAYNAK,

        Defendant-Appellee.

CASE NO. 2023-G-0037

Criminal Appeal from the
Chardon Municipal Court

Trial Court No. 2023 CRB 00293

**O P I N I O N**

Decided: April 15, 2024
Judgment: Affirmed

*Dennis M. Coyne*, 111 Water Street, Chardon, OH 44024 (For Plaintiff-Appellant).

*Sean Joseph Kraynak*, pro se, 13599 Carlton Street, Unit N, Burton, OH 44021 (Defendant-Appellee).

EUGENE A. LUCCI, P.J.

{¶1}    Appellant, the state of Ohio, appeals the judgment dismissing a criminal complaint filed against appellee, Sean Joseph Kraynak.  We affirm.

{¶2}    On April 24, 2023, a complaint was filed in the trial court charging Kraynak with violating a protection order, a first-degree misdemeanor, in violation of R.C. 2919.27(A)(1).  On June 12, 2023, Kraynak moved to dismiss the complaint.  After a hearing, the court granted the motion to dismiss.

{¶3}    The state appeals and assigns one error as follows:

{¶4} "The Court erred when it dismissed the case in violation of Criminal Rule 12."

{¶5} Crim.R. 12(C) provides, "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." "'Crim.R. 12 permits a court to consider evidence beyond the face of an indictment when ruling on a pretrial motion to dismiss an indictment if the matter is capable of determination without trial of the general issue.'" *State v. Swazey*, --- Ohio St.3d ----, 2023-Ohio-4627, --- N.E.3d ----, ¶ 19 (Dec. 22, 2023), quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 3; *see also State v. Gaines*, 193 Ohio App.3d 260, 2011-Ohio-1475, 951 N.E.2d 814, ¶ 16 (12th Dist.) ("The Ohio Rules of Criminal Procedure do not provide for the equivalent of a civil motion for summary judgment.").

{¶6} Here, the complaint alleged that Kraynak violated R.C. 2919.27(A)(1), which provides, in relevant part, "No person shall recklessly violate the terms of * * * [a] protection order issued * * * pursuant to section 2919.26 or 3113.31 of the Revised Code[.]" The complaint further stated it was based upon "the victim[']s statement and R/O viewing the telecommunication device where the post on Facebook was written having the victim[']s name attached to the post." In support of his motion to dismiss, Kraynak maintained that "he did not violate the Civil Protection Order and did not communicate with [the protected person] via Facebook or any other means."

{¶7} Thus, the motion to dismiss on its face appears to seek a ruling on the "general issue," "namely, 'whether the accused violated the law as set forth in the [charging instrument.]'" *Swazey* at ¶ 12. However, the trial court set the motion for

2

hearing, and the state did not respond in opposition to the motion. Instead, at the commencement of the hearing on Kraynak's motion, the following exchange occurred:

> THE COURT: All right. We are on the record in 2023CRB00293, State of Ohio versus Sean J. Kraynak.
>
> Present in Court is Police Prosecutor Dennis Coyne, with Burton Police Officer Michael Lewis. Also present in Court is Defendant, Sean J. Kraynak.
>
> Previously, Mr. Kraynak was represented by Attorney Dennis Ibold, but was granted permission to withdraw as counsel.
>
> This matter comes before the Court on a violation of bond conditions, correct, Prosecutor Coyne?
>
> MR. COYNE: It's violating protection order, your Honor.
>
> THE COURT: But I mean, oh, we're having the whole trial today. I thought it was just on the bond conditions. Forgive me.
>
> MR. COYNE: Well, so Judge, I think Mr. Ibold filed the motion.
>
> THE COURT: To dismiss, correct.
>
> MR. COYNE: And that's what we're here for today, to figure out whether or not contact was actually made, because if you determine it wasn't then I'll just dismiss the case.
>
> THE COURT: Right.
>
> Let the record stand corrected. It is on the full hearing on the Motion to Dismiss, which would go to the facts of the case, as well as to the elements of the crime as charged.

{¶8} Thereafter, the trial court inquired of Kraynak regarding whether he wished to proceed pro se. Subsequently, the following exchange occurred:

> THE COURT: Okay. Forgive me, then, Prosecutor Coyne, before I interrupted you, is there any opening statement on behalf of the State?

3

Case No. 2023-G-0037

MR. COYNE: Judge, I'll just reiterate that we're here to determine whether or not the Court believes contact was made, because that's what the motion is based on, the fact that they don't believe there was sufficient contact to violate the order.

THE COURT: Okay. We'll see what the evidence me[te]s out.

{¶9} Thereafter, Kraynak made an opening statement. The state then called the responding officer and the protected person as witnesses. The testimony indicated that, on March 25, 2020, three years prior to the protected person obtaining the protection order, Kraynak shared an image on Facebook and tagged the protected person in the post. The image displayed an iceberg with a small portion of the iceberg visible above water, and a much larger portion of the iceberg located below water. Text on the upper portion of the iceberg reads, "How much you think I love you," and text on the lower portion of the iceberg reads, "How much I actually love you." On April 10, 2023, Kraynak commented on the March 2020 post with a green nauseated face emoji, and another individual replied to the comment stating, "I know the feeling," and then also posting a green nauseated face emoji. The same day, the protected person obtained the protection order. Law enforcement subsequently informed her that Kraynak was served with the protection order that night, and Kraynak did not come to pick up the son he shares with the protected person, which he would otherwise have been scheduled to do on April 10, 2023. On April 11, 2023, the protected person blocked Kraynak on Facebook. Shortly after she blocked Kraynak, Kraynak again commented on his March 2020 post as follows:

I get filing a protection order to hurt me and spite me, but to include my son in it so [name omitted] can't even visit his brother is the lowest form of low. This is "how evil you look versus how evil you actually are[.]"

4

The protected person did not receive a notification of Kraynak's comment from the Facebook application. However, a friend of the protected person alerted the protected person to the comment and forwarded a screenshot to her. Upon receiving the screenshot, the protected person contacted law enforcement. Screenshots of the comments and the original post were identified and introduced as exhibits.

{¶10} After the state's exhibits were admitted without objection, the state rested, and the court ruled as follows:

> THE COURT: The Court is granting the Motion to Dismiss based upon the fact that the evidence produced on State's Exhibit 2, that Officer Lewis testified, do not show any nexus with [the protected person]'s name on it.
>
> There is no evidence when Mr. Kraynak was served or by whom.
>
> As the Court has indicated, the Motion to Dismiss is granted.
>
> You're free to go, Mr. Kraynak.

{¶11} On appeal, the state maintains that the trial court "determined there was no contact made by the defendant to the protected party which is the main issue for this case. Criminal Rule 12(C) specifically prohibits the trial of the general issue during a motion hearing." The state contends that the motion "should have been denied without a hearing because the court did not have the authority to dismiss the case or make a ruling on the main issue in the case."

{¶12} However, an appellant generally forfeits arguments not presented to the trial court. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21; *State v. Turner*, 12th Dist. Clermont No. CA2018-11-082, 2021-Ohio-541, ¶ 13. Here, the state did not file a written response to the motion to dismiss, nor did it present any

5

argument at hearing, addressing the propriety of the trial court proceeding to determine if contact was made for purposes of the aggravated menacing statute on a Crim.R. 12(C) motion. Thus, the state has forfeited this argument for purposes of appeal.

{¶13} Further, when explaining the nature of the hearing to the court, as set forth above, the prosecutor stated, "that's what we're here for today, to figure out whether or not contact was actually made, because if you determine it wasn't then I'll just dismiss the case." The prosecutor's comments at the hearing appear *to invite* the court to determine whether contact was made. "It is the well-settled rule that a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *Dardinger v. Anthem Blue Cross & Blue Shield*, 98 Ohio St.3d 77, 2002-Ohio-7113, 781 N.E.2d 121, ¶ 122, quoting *Lester v. Leuck*, 142 Ohio St. 91, 92, 50 N.E.2d 145 (1943); *State ex rel. Johnson v. Ohio Adult Parole Auth.*, 95 Ohio St.3d 463, 2002-Ohio-2481, 768 N.E.2d 1176. As the state invited the court to determine whether sufficient evidence of contact existed, it cannot now challenge the trial court proceeding to make that determination.

{¶14} The state further maintains that the trial court should not have decided whether there existed sufficient evidence of service of the protection order when ruling on the Crim.R. 12(C) motion. However, given the trial court's determination that there was not sufficient contact to support the charge, any error in the trial court making a determination as to service is harmless. *See* Crim.R. 52(A) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.").

6

{¶15} Accordingly, the state's sole assigned error lacks merit.

{¶16} The judgment is affirmed.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

7