*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OUTSIDE LEGAL COUNSEL, PLC,

    Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,

    Defendant-Appellee.

FOR PUBLICATION
July 11, 2025
10:22 AM

No. 374178
Court of Claims
LC No. 22-000148-MZ

Before: O'BRIEN, P.J., and M. J. KELLY and KOROBKIN, JJ.

PER CURIAM.

Plaintiff, Outside Legal Counsel, PLC (OLC), appeals as of right the Court of Claims' order dismissing its complaint against defendant, the Michigan Department of Treasury. Because there are no errors, we affirm.

## I. BASIC FACTS

On September 11, 2022, OLC filed a complaint against the Michigan Department of Treasury, seeking relief under the Freedom of Information Act, (FOIA), MCL 15.231 *et seq*. The complaint included the following signed verification: "I declare under the penalties of perjury that this document has been examined by me and that its contents are true to the best of my information, knowledge, and belief." However, contrary to MCL 600.6431(2)(d), the verification was not signed "before an officer authorized to administer oaths." Accordingly, the Court of Claims issued an order directing OLC to show cause as to the reason why the case should not be dismissed for failure to comply with the requirement in MCL 600.6431(2)(d). In response, OLC did not dispute that it had failed to comply. Instead, it asserted that such compliance was not required because MCL 600.6431(2)(d) was preempted by the verification standards set forth in 28 USC 1746. The Court of Claims, however, determined that the federal statute did not preempt MCL 600.6431(2)(d). Accordingly, it dismissed OLC's complaint for failure to comply with MCL 600.6431(2)(d). This appeal follows.

## II. FEDERAL PREEMPTION

## A. STANDARD OF REVIEW

OLC argues that the Court of Claims erred by concluding that the notice requirement in MCL 600.6431(2)(d) was not preempted by 28 USC 1746. "[W]hether a federal statute preempts state law is a question of law that we review de novo." *In re Estate of Vansach*, 324 Mich App 371, 385; 922 NW2d 136 (2018) (quotation marks and citation omitted).

## B. ANALYSIS

"Federal preemption of state law is grounded in the Supremacy Clause of the United States Constitution, US Const, art VI, cl 2, which invalidates state laws that interfere with, or are contrary to, federal law." *Ter Beek v Wyoming*, 495 Mich 1, 10; 846 NW2d 531 (2014) (quotation marks and citations omitted). "[T]he purpose of Congress is the ultimate touchstone in every pre-emption case." *Id*. (quotation marks and citations omitted; alteration in original). "Furthermore, in all pre-emption cases, and particularly in those in which Congress has legislated . . . in a field which the States have traditionally occupied, we start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Id*. (quotation marks and citation omitted; alteration in original). "Federal law preempts state law in three circumstances: (1) where Congress has expressed an intent to preempt state law, (2) where state law regulates conduct in a field that Congress intended to occupy exclusively, and (3) where state law actually conflicts with federal law." *White v Henry Ford Macomb Hosp Corp*, 346 Mich App 405, 432; 12 NW3d 635 (2023) (quotation marks and citation omitted).

Here, MCL 600.6431(2)(d) expressly requires that, in order to bring a claim in the Court of Claims, the plaintiff's claim or notice must include "[a] signature and verification by the claimant *before an officer authorized to administer oaths*." (Emphasis added). In turn, 28 USC 1746 provides that

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> \* \* \*
>
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or

state) under penalty of perjury that the foregoing is true and correct.
Executed on (date).

On appeal, OLC asserts that MCL 600.6431(2)(d) and 28 USC 1746 conflict and that, as a result, the federal statute preempts the state statute. As support, it contends that 28 USC 1746 applies to "any matter" that is required or permitted to be supported by verification. In a footnote to its appellate brief, it proclaims that "[t]here is little doubt that the *Court of Claims Act* is a 'law.' " We agree that the Court of Claims Act is, in fact, a law. We disagree, however, that 28 USC 1746 broadly applies to "any matter." Rather, 28 USC 1746 expressly states that it applies to any matter required or permitted to be supported, in relevant part, by sworn verification "under any law *of the United States* or under any rule, regulation, order, or requirement made pursuant to law . . . ." (Emphasis added). Here, the law in question is a law of the State of Michigan, not of the United States. As a result, 28 USC 1746 does not apply to laws passed by the State of Michigan.

OLC also argues that because the phrase "any rule, regulation, order, or requirement made pursuant to law" in 28 USC 1746 does not specify that it is limited to *federal* law, we should construe the word "law" in "made pursuant to law" to mean any law, state or federal. We are not persuaded, as OLC's reading contravenes several well-established principles of statutory interpretation. First, under the associated-words canon, "a statutory term must be viewed in light of the words surrounding it," *Ally Fin Inc v Treasurer*, 502 Mich 484, 498 n 31; 918 NW2d 662 (2018) (quotation marks and citation omitted), and "its context or setting," *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 318; 645 NW2d 34 (2002). Here, it is evident in context that where the federal statute refers to "any law of the United States or . . . any rule, regulation, order, or requirement made pursuant to law," the words "requirement made pursuant to law" mean requirement made pursuant to United States law. Second, "a court should avoid a construction that would render any part of the statute surplusage or nugatory." *In re MCI Telecom Complaint*, 460 Mich 396, 414; 596 NW2d 164 (1999). OLC's interpretation—that "requirement made pursuant to law" includes state law—would render the words "of the United States" in the prior clause surplusage, since Congress would have no need to specify "of the United States" were its intent to include all law. Finally, "there is a strong presumption against preemption of state law," *Konynenbelt v Flagstar Bank*, 242 Mich App 21, 25; 617 NW2d 706 (2000), and to the extent the statute is "susceptible of more than one plausible reading," we should "accept the reading that disfavors pre-emption," *Altria Group, Inc v Good*, 555 US 70, 77; 129 S Ct 538; 172 L Ed 2d 398 (2008). Taken together, these principles confirm that 28 USC 1746 does not apply to verification requirements under Michigan law.

We also find persuasive the decisions of our sister states,[1] which have addressed this issue. See *Brown v Chipotle Servs, LLC*, 645 SW3d 518, 525 (Mo App, 2022) (stating that 28 USC 1746 was "inapplicable in this state-court proceeding . . ."); *Baker v State*, 796 SC2d 426, 427 (Mo App, 1990) ("The federal law controls, of course, as to procedure in federal courts, and the state law controls as to procedure in the state courts. Otherwise, turmoil results.") (quotation marks and

---

[1] "Cases from other jurisdictions are not binding precedent, but we may consider them to the extent this Court finds their legal reasoning persuasive." *New Covert Generating Co, LLC v Covert Twp*, 334 Mich App 24, 86 n 8; 964 NW2d 378 (2020) (quotation marks and citation omitted).

citation omitted); *Hickerson v State*, 336 So3d 1134, 1142 (Miss App, 2022) (stating that 28 USC 1746 "does not govern Mississippi's affidavit requirements"); *Toledo Bar Ass'n v Neller*, 102 Ohio St 3d 1234, 1236; 2004-Ohio-2895; 809 NE2d 1152 (2004) (holding by enacting 28 USC 1746 "Congress intended to change *federal* law but leave the states free to set their own policies concerning affidavits.") (quotation marks omitted).

Based upon the foregoing, we conclude that 28 USC 1746 only applies to federal proceedings. In turn, MCL 600.6431(2)(d) applies only to state proceedings. As a result, the verification language in MCL 600.6431(2)(d) does not actually conflict with 28 USC 1746. Because OLC failed to comply with the requirement set forth in MCL 600.6431(2)(d), the Court of Claims did not err by dismissing its claim. See *Chisholm v State Police*, 347 Mich App 646, 655; 16 NW3d 563 (2023) ("The failure to provide a verified claim or notice of intent is a bar to pursuing a claim in the Court of Claims.").

Affirmed. The Department of Treasury may tax costs as the prevailing party. MCR 7.219(A).

/s/ Colleen A. O'Brien
/s/ Michael J. Kelly
/s/ Daniel S. Korobkin