**95–2413.** State v. Schofield. *Lucas County,* No. L–94–020. This cause is pending before the court as a discretionary appeal and a claimed appeal of right. Appellant's motion for leave to file delayed appeal was granted on December 20, 1995 and appellant's memorandum in support of jurisdiction was due January 19, 1996. It appears from the records of this court that appellant has not filed a memorandum in support of jurisdiction in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is dismissed, *sua sponte,* effective January 23, 1996.

**96–150.** Rudd v. Graham. In Prohibition. This cause originated in this court on the filing of a complaint for a writ of prohibition. In lieu of payment of the filing fee and security deposit as required by S.Ct.Prac.R. XV, relator filed a statement seeking to proceed in forma pauperis. Relator's statement is not notarized.

S.Ct.Prac.R. XV requires that the docket fee imposed by R.C. 2503.17 and the security deposit be paid before an original action is docketed. Section 3 of the Rule permits an affidavit of indigency to be filed in lieu of docket fees or security deposits and provides that the court may review and determine the sufficiency of an affidavit of indigency at any stage in the proceeding.

Pursuant to S.Ct.Prac.R. XV(3), the court determines that, whereas relator's statement is not notarized, it does not meet the requirements of an affidavit of indigency and therefore is not sufficient for waiver of the docket fee and security deposit in this case. Accordingly,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed, effective January 23, 1996.