THE STATE EX REL. REEVES, APPELLANT, *v.* CHIEF OF POLICE, CEDAR POINT POLICE DEPARTMENT, APPELLEE.

[Cite as *State ex rel. Reeves v. Chief of Police, Cedar Point Police Dept.*, 143 Ohio St.3d 368, 2015-Ohio-2909.]

(No. 2014-1850—Submitted April 14, 2015—Decided July 22, 2015.)

**Per Curiam.**

{¶ 1} We affirm the dismissal of this mandamus case in which the relator, Christopher Reeves, a federal inmate, alleges that he made a public-records request of the chief of police of the Cedar Point Police Department. Reeves sued in mandamus on August 21, 2014, in the Sixth District Court of Appeals, seeking a writ compelling the production of the requested records. Along with his complaint, Reeves filed an affidavit of indigency.

{¶ 2} The respondent filed no response. On September 25, 2014, the court of appeals dismissed the case for two reasons. First, the court found that Reeves failed to comply with a local rule requiring a $100 deposit or a sworn affidavit of indigency, because Reeves's affidavit was not notarized. Second, the court found that Reeves failed to comply with the same rule because his affidavit was not accompanied by the certificate of a prison officer verifying Reeves's lack of funds.

{¶ 3} We affirm based on the first reason. Specifically, 6th Dist.Loc.App.R. 7(A) requires filers of original actions to tender a $100 deposit or a "sworn affidavit of inability to secure costs by such prepayment." Under R.C. 2319.02, an affidavit is defined as "a written declaration under oath, made without notice to the adverse party." Reeves's affidavit is not notarized and therefore is not

under oath. *See Rudd v. Graham,* 74 Ohio St.3d 1506, 659 N.E.2d 797 (1996) (affidavit that was not notarized did not "meet the requirements of an affidavit of indigency and therefore [was] not sufficient for waiver of the docket fee"). Reeves's affidavit does not satisfy the requirement of the local rule, and therefore the court of appeals was correct in dismissing the case on this ground alone.

{¶ 4} Moreover, a mandamus complaint must be "verified by affidavit." R.C. 2731.04. Reeves's complaint is not notarized or accompanied by a notarized affidavit. Although not mentioned by the court of appeals, this is an additional reason to affirm the court's decision to dismiss the case.

{¶ 5} We reject, however, the court of appeals' second reason for dismissing Reeves's complaint. The local rule also requires that "if the affidavit [of indigency] is filed by an inmate of a state institution it shall be accompanied, as an exhibit thereto, by a certificate of the superintendent or other appropriate officer of the institution stating the amount of funds, if any, which the inmate has on deposit with the institution available to the inmate to secure costs." 6th Dist.Loc.App.R. 7(A). The court of appeals reasoned that because Reeves is an inmate, the local rule required him to include the certificate. However, as Reeves points out, he is a federal inmate, not "an inmate of a state institution." R.C. 2969.25(C), the statute similarly requiring a certificate of inmate account, also does not apply to inmates in a federal prison, as the definition of "inmate" for purposes of that statute is "a person who is in actual confinement in a state correctional institution." R.C. 2969.21(D).

{¶ 6} We affirm because Reeves failed to file a notarized affidavit in support of his request for a waiver of fees and because his complaint for a writ of mandamus was not verified.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Christopher Y. Reeves, pro se.