[Cite as *State ex rel. Brotherton v. Chief of Police, Cedar Point Police Dept.*, 2016-Ohio-656.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio, ex rel. Brandon Brotherton     Court of Appeals No. E-16-004

      Relator

v.

Chief of Police, Cedar Point
Police Department                           **DECISION AND JUDGMENT**

      Respondent                          Decided:  February 22, 2016

* * * * *

Brandon Brotherton, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This matter is before the court on relator's, Brandon Brotherton, January 19, 2016 petition for a writ of mandamus and accompanying request for a waiver of the filing fee.  In accordance with the Ohio Supreme Court's decision in *State ex rel. Reeves v. Chief of Police, Cedar Point Police Dept.*, 143 Ohio St.3d 368, 2015-Ohio-2909, 37 N.E.3d 1231, we sua sponte dismiss relator's petition for failing to provide an affidavit

with the application for the writ of mandamus, and for failing to provide a sworn affidavit of his inability to secure the costs of the action by prepayment.

{¶ 2} R.C. 2731.04 requires that "[a]pplication for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and *verified by affidavit*." (Emphasis added.) Relatedly, 6th Dist.Loc.App.R. 7(A) requires a party bringing a mandamus action to either deposit with the clerk $100 as security for the payment of costs, or file with the clerk a "*sworn affidavit* of inability to secure costs by such prepayment."

{¶ 3} Pursuant to R.C. 2319.02, an affidavit is "a written declaration under oath, made without notice to the adverse party." Here, relator has included with his affidavit in support of petition and his affidavit of indigency a "verification" pursuant to 28 U.S.C. 1746 that the statements in his affidavits are true and correct.[1] 28 U.S.C. 1746 provides,

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be * * * established * * * by the sworn * * * statement, oath, or affidavit, in writing of the person making the same * * *, such matter may, with like force and effect, be * * * established * * * by the unsworn * * * statement, in writing of such person which is subscribed

---

[1] The language used by relator in his affidavits is "Pursuant to 28 U.S.C. 1746, all of the above is true and correct."

2.

by him, as true under penalty of perjury, and dated, in substantially the following form:

       * * *

       (2) If executed within the United States * * *:  "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date).

**{¶ 4}** However, the Ohio Supreme Court has expressly rejected the use of 28 U.S.C. 1746, and has insisted that "only a written declaration made under oath before a proper officer qualifies as an 'affidavit.'"  *Toledo Bar Assn. v. Neller*, 102 Ohio St.3d 1234, 2004-Ohio-2895, 809 N.E.2d 1152, ¶ 24.  Because relator's filings constitute unsworn statements not made under oath before a proper officer, we cannot accept them as affidavits.

**{¶ 5}** Accordingly, because relator has not complied with the requirements of R.C. 2731.04 and 6th Dist.Loc.App.R. 7(A), we hereby dismiss his petition for a writ of mandamus at relator's costs.  The clerk is directed to serve upon the parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

                                               Writ denied.

Mark L. Pietrykowski, J.       _____
                   JUDGE

Thomas J. Osowik, J.

                _____
James D. Jensen, P.J.          JUDGE
CONCUR.

                _____
                   JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.